JULIANNA RACHO, ADMINISTRATRIX, ETC., V. THE CITY OF DETROIT.

*Municipal corporations—Defective streets—Negligence—Survival of action—Act causing death.*

1. The right of action of a person for injuries sustained from defective highways, etc., under Act No. 264, Laws of 1887

(3 How. Stat. § 1446c et seq.), survives, in case of his death, to his administrator, under Act No. 113, Laws of 1885 (3 How. Stat. § 7397).

2. The general law of the State (How. Stat. §§ 8313, 8314) under which the personal representatives of a deceased person can recover damages in case his death was caused by such wrongful act, neglect, or default as would, if death had not ensued, have entitled him to maintain an action therefor, is not nullified by section 5 of Act No. 264, Laws of 1887 (3 How. Stat. § 1446g), in respect to injuries received upon the public streets and highways by reason of neglect to keep them in repair.

3. It was evidently intended by the Legislature that no living person should recover for his bodily injuries received upon public streets and highways by reason of neglect to keep them in repair, except under or by virtue of the provisions of Act No. 264, Laws of 1887; but there is no express or implied declaration in said act that, in case of the death of such person from such injuries, the right of action shall die with him, or that his personal representatives cannot recover under the general law (How. Stat. §§ 8313, 8314), as in other cases of negligent injury.

Error to Wayne. (Gartner, J.) Argued January 6, 1892. Decided February 5, 1892.

Negligence case.   Plaintiff brings error.   Reversed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman*, for appellant.

*John J. Speed*, for defendant.

MORSE, C. J.   On the morning of the 25th day of June, 1889, Andreas Racho was thrown from his wagon while driving on Hastings street, in the city of Detroit, receiving injuries from which he died June 10, 1890. He presented a claim for damages before the common council of said city October 14, 1889, averring that his injuries were occasioned by the neglect of the municipality to keep the pavement of said street in good repair and in reasonable condition for public travel. The council took no definite action upon the claim in the life-time of

Racho. This suit is brought by his wife as administratrix, and the declaration claims damages, for Racho's injuries and death, to the plaintiff, as administratrix, "for the benefit of her, the said plaintiff, the wife of said Andreas Racho, deceased." Upon the trial the defendant objected to the giving of any proof under the declaration, for the reason that the laws of the State of Michigan do not embrace such an action as that brought by plaintiff in this suit. The court thereupon directed a verdict for the defendant.

The defendant contends that Act No. 264, Laws of 1887, providing for the recovery of damages sustained from defective highways, makes no provision for damages to the next of kin or the estate of a deceased person, which may be recovered by an administrator. This contention is founded on section 5 of said act, which reads as follows:

"No township, village, or city in this State shall be liable in damages or otherwise to any person or persons for bodily injury, or for injury to any property, sustained upon any of the public highways, streets, bridges, sidewalks, cross-walks, or culverts in such townships, villages, or cities, except under and according to the provisions of this act; and the common-law liability of townships, villages, and cities of this State, for or on account of bodily injuries sustained by any person by reason of neglect to keep in repair public highways, streets, bridges, sidewalks, cross-walks, or culverts, is hereby abrogated."

Section 1 of the act relates to "any person or persons sustaining *bodily* injury" upon the public highways, etc., and section 2 provides for a recovery for injury or damage to animals and vehicles. There is no express provision in the statute giving damages to any other person than the one receiving the bodily injury, nor is any authority given to the personal representatives or next of kin of such person, in case of death from such injuries, to sue for or recover any damages on account of

such death. The defendant's counsel claims that the damages in this statute are limited to those sustained by the person injured, and are made payable to him; and, it being a new right of action, the remedy given is confined to the mode and person mentioned in the statute.

Plaintiff's counsel claim to base her right of action upon the law of 1848, hereinafter mentioned, and also upon the law of 1885 (Act No. 113, 3 How. Stat. § 7397), by which it is provided that,—

"In addition to the actions which survive by the common law, the following shall also survive, that is to say: Actions of replevin and trover, actions of assault and battery, false imprisonment, for goods taken and carried away, for *negligent injuries to the person*, and actions for damage done to real or personal estate."

We have no doubt that the right of action of Racho survived to his administrator, but this does not aid the plaintiff in this action. Her declaration is founded upon the idea that she is entitled, as administratrix, to sue for the damages accruing to her for his injuries and death for her benefit as his widow. As her suit is planted, she must rely upon the general law of the State, which authorizes the personal representatives of a deceased person to bring an action in cases of negligent killing. The general law of this State upon this subject was passed in 1848, and amended in 1873, and reads as follows:

"SECTION 1. Whenever the death of a person shall be caused by wrongful act, neglect, or default, and the act, neglect, or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and the amount recovered in every such action shall be distributed to the persons and in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem fair and just, with reference to the pecuniary injury resulting from such death, to those persons who may be entitled to such damages when recovered." How. Stat. §§ 8313, 8314.

If Racho had not died, he would have been entitled to maintain an action against the defendant to recover damages for his injuries. This general law of the State provides that in such case the corporation which would have been liable had death not ensued shall be liable to an action for damages, notwithstanding the death of the party injured. Does section 5 of the act of 1887 nullify this general law in respect to injuries received upon public streets and highways by reason of the neglect to keep them in repair? We think not. It does not expressly take such injuries out from the operation of the general law, but provides that no municipality shall be liable to any person for *bodily* injuries, except under and according to the provisions of the act, and in the same breath abolishes all common-law liability. It was evidently intended by the Legislature that no living person should recover for his bodily injuries, except under or by virtue of the act; but there is no express or implied declaration that, in case such person shall die of such injuries, the right of action shall die with him, or that his personal representatives cannot recover under the general law, as in other cases of negligent injury. This section 5 was aimed at the previous holding of the federal courts that a common-law liability for such injuries did exist in this State, which holding, before the enactment of this statute, permitted a non-resident of the State to recover for

injuries received on account of defective streets, bridges, cross-walks, and sidewalks in the federal courts, when at the same time there was no remedy in our courts for an inhabitant of this State receiving such injuries. The prohibition of section 5 is directed against persons suing for their own personal injuries, and not against the representatives of a deceased person, suing, under the authority of the general law, for injuries to such deceased person, who, if living, could have maintained his action under the statute of 1887, notwithstanding the prohibition of section 5 of said statute..

A new trial is granted, with costs of this Court to plaintiff; and the judgment of the court below is reversed.

LONG, GRANT, and MONTGOMERY, JJ., concurred. McGRATH, J., did not sit.