McCAUL v. COUNTY OF KENT.

SMITH v. SAME.

1. DEATH — HIGHWAYS AND STREETS — HIGHWAY DAMAGE ACT — DEATH ACT—CONSTRUCTION.

   An action under the death act (3 Comp. Laws 1915, § 14577) against a county for the negligent killing of plaintiffs' daughters, caused by a defective highway and bridge, may be maintained notwithstanding the provisions of the general highway damage act (1 Comp. Laws 1915, §§ 4584, 4588) limiting recovery of damages for personal injuries to an action under said act and abrogating the common-law liability therefor.[1]

2. BRIDGES—COUNTY ADOPTING COUNTY ROAD SYSTEM LIABLE FOR DEFECTIVE BRIDGES.

   A county having adopted the county road system is not relieved of its jurisdiction over county roads, bridges, and culverts and of its statutory duty to maintain them by reason of Act No. 183, Pub. Acts 1917, § 4, providing that "the State highway department shall design all bridges and culverts and construct, repair and maintain all bridges greater than 30 feet clear span on State trunk line highways."[2]

Certiorari to Kent; Dunham (Major L.), J.    Submitted July 9, 1925.    (Docket No. 69.)    Decided July 16, 1925.

Separate actions of case by David L. McCaul, administrator of the estate of Winifred McCaul, deceased, and Oris S. Smith, administrator of the estate of Thelma Smith, deceased, against the county of Kent and another for the alleged negligent killing of plaintiffs' decedents.    From an order denying a motion to

[1]Death, 17 C. J. § 42; [2]Bridges, 9 C. J. § 47; Highways, 29 C. J. § 309.

dismiss, defendant county of Kent brings certiorari. Affirmed.

*Earl W. Munshaw,* Prosecuting Attorney (*Fred P. Geib,* of counsel), for appellant.

*Watt & Colwell* and *Linsey, Shivel & Smedley,* for appellees.

McDONALD, C. J.     This is a certiorari proceeding to review an order of the circuit court denying a motion to dismiss as to the defendant the county of Kent.   On November 4, 1923, two young ladies, Thelma Smith and Winifred McCaul, were instantly killed by drowning, and it is claimed that their death was caused by the negligence of the defendants.   At the time of the accident they were riding in an automobile with two young men, going in a southerly direction toward the village of Lowell in Kent county, Michigan, over a trunk line highway known as M-66.   At the place of the accident the highway crosses a creek at which point the Consumers Power Company has a mill race over which it has constructed and maintains a bridge. As the highway approaches the bridge in the direction from which the young people were coming it turns sharply to the left and then ascends and winds towards the northeast, making, as the declaration alleges, a highway always dangerous for public travel.   On the night of the accident it had been raining.   The highway is constructed of gravel and there were ruts six or seven inches deep in the approach to the bridge. The automobile followed the road track and ran into these ruts.   When the rear wheels were released they skidded and swung against the railing of the bridge which gave way and the car and its occupants went into the mill race.   Both young women were drowned. Separate actions were begun for damages, but were consolidated for the purpose of this proceeding.   It

is the plaintiffs' contention that there was a joint liability on the part of the defendants; that the negligence of each in failing to keep the road and bridge in reasonable repair contributed to the injury which caused the death of the decedents.    The defendant county of Kent pleaded the general issue with notice of several special defenses which were made the basis of a motion to dismiss the causes as to the county. This motion was denied and the matter is here for review on writ of certiorari.

The questions involved are stated by counsel for defendant in their brief as follows:

"(1) Can the county of Kent, a municipal corporation, be held liable to the plaintiff for damages sustained and to be sustained by the father and mother of the deceased, because of the instantaneous death of their minor daughter by reason of a defective bridge or highway?

"(2) Can the county of Kent be held liable because of defects in the bridge, it appearing that the bridge is 94 feet in length on a State trunk line road?"

In discussing the first proposition counsel for the county insists that the statutes relating to the liability of municipalities for defective highways and streets do not authorize a recovery of damages for injuries which result in instantaneous death; that the law makes a municipality liable only to persons who have sustained "bodily injury;" that there can be no recovery in the two suits under consideration because they are not brought by or in behalf of any person who sustained "bodily injury," but are brought by the parents under a general law commonly called the "death act," to recover the pecuniary injury sustained by them.    In other words, the defendant contends that if because of a defective highway or street a person is injured, but not fatally, he may recover damages for his injuries.    If injured fatally but does not die instantly, his administrator may recover damages un-

less he releases before his death.   If he receives bodily injuries from which he dies instantaneously, the law permits of no recovery.

The death act under which this action is brought is a general statute and applies only to cases where death from negligent injuries is instantaneous.   It reads as follows:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action, and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."   3 Comp. Laws 1915, § 14577.

Section 1 of the statutes relating to the liability of townships, villages, cities and corporations for injuries resulting from a failure to keep streets and highways in reasonable repair, being section 4584, 1 Comp. Laws 1915, provides that they shall be liable in just damages to, "any person or persons sustaining bodily injury upon any of the public highways or streets in this State."

There is no express provision in this statute giving damages to any other person than one sustaining bodily injuries.   Section 5 provides that there shall be no liability, "except under and according to the provisions of this act."   From this counsel for the defendant argue that section 5 prohibits any recovery except under section 1, and that, therefore, the death act which is a general statute does not come within the terms of the highway damage law.   The question to be determined is, Does section 5 prohibit a recovery under the death act for instantaneous death resulting

from injuries received on a defective highway? As it is important to consider the purpose of the enactment of section 5, we quote it in full as follows:

"No township, village or city in this State shall be liable in damages, or otherwise, to any person or persons for bodily injury, or for injury to any property sustained upon any of the public highways, streets, bridges, sidewalks, crosswalks, or culverts, in such townships, villages or cities, *except under and according to the provisions of this act,* and the common-law liability of townships, villages and cities of this State, for or on account of bodily injuries sustained by any person by reason of neglect to keep in repair public highways, streets, bridges, sidewalks, crosswalks, or culverts, is hereby abrogated." 1 Comp. Laws 1915, § 4588.

The purpose of the enactment of this section of the statute and its alleged prohibitory effect upon the applicability of the death act to the highway damage law were considered by this court in *Racho* v. *City of Detroit,* 90 Mich. 92. It was there said:

"Does section 5 of the act of 1887 nullify this general law in respect to injuries received upon public streets and highways by reason of the neglect to keep them in repair? We think not. It does not expressly take such injuries out from the operation of the general law, but provides that no municipality shall be liable to any person for bodily injuries, except under and according to the provisions of the act, and in the same breath abolishes all common-law liability. It was evidently intended by the legislature that no living person should recover for his bodily injuries, except under or by virtue of the act; but there is no express or implied declaration that, in case such person shall die of such injuries, the right of action shall die with him, or that his personal representatives cannot recover under the general law, as in other cases of negligent injury. This section 5 was aimed at the previous holding of the Federal courts that a common-law liability for such injuries did exist in this State, which holding, before the enactment of this statute,

permitted a nonresident of the State to recover for injuries received on account of defective streets, bridges, crosswalks and sidewalks in the Federal courts, when at the same time there was no remedy in our courts for an inhabitant of this State receiving such injuries. The prohibition of section 5 is directed against persons suing for their own personal injuries, and not against the representatives of a deceased person, suing, under the authority of the general law, for injuries to such deceased persons, who, if living, could have maintained his action under the statute of 1887, notwithstanding the prohibition of section 5 of said statute."

Though Racho lived for nearly a year after his injury, the court held that a recovery could be had under the death act. In view of the present holdings of this court, the action could only have been brought under the survival act. Beginning with *Dolson* v. *Railway Co.*, 128 Mich. 444, it has been consistently held that actions will lie under the death act only where death is instantaneous. In respect, however, to the applicability of the death act to the highway damage statute, the decision in the *Racho Case* has never been disturbed. It is in harmony with our present views and is controlling of the issue here involved.

Further, in defense to the action the defendant contends that it is not liable for the defective condition of the bridge because the statute requires such bridges to be repaired and maintained by the State highway department.

The statute in question (Act No. 183, Pub. Acts 1917, § 4 [Comp. Laws Supp. 1922, § 4854]) reads as follows:

"The State highway department shall design all bridges and culverts and construct, repair and maintain all bridges greater than thirty feet clear span on State trunk line highways."

The county of Kent, having adopted the county road system, is not relieved by this section of the statute

of its jurisdiction over county roads, bridges and culverts, and of its statutory duty to maintain them. See *Longstreet* v. *County of Mecosta*, 228 Mich. 542. The circuit judge correctly disposed of the questions involved.

The writ is dismissed, with costs to the plaintiffs.

CLARK, BIRD, SHARE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.