METHVIN *v.* COUNTY OF MONROE.

1. Counties—Claims—Notice—Defective Bridges.
Statutory requirement as to written notice to county clerk of claim for damages by reason of defective condition of bridge in county highway is a mandatory prerequisite to an action for damages caused by county's negligence (CL 1948, § 224.21).

2. Same—Claims—Notice—Name of Witness.
Notice to county clerk that there were no witnesses to the accident arising from defective condition of bridge in county highway is not a substantial compliance with the statute requiring that names of witnesses, if any, be given when a witness was known and no justifiable reason given for omitting his name (CL 1948, § 224.21).

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Counties, § 67.
[3, 4] 3 Am Jur, Appeal and Error, § 823.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MENTAL INCAPAC-
   ITY—CLAIMS AGAINST COUNTY—NOTICE.

   Effect of mental incapacity of plaintiff's ward as excusing non-
   compliance with statute requiring that names of witnesses, if
   any, be included in notice of claim against county for in-
   juries arising from defective condition of bridge in county
   highway is not ruled upon, where incorrect statement in no-
   tice given that there were no witnesses to the accident was
   not shown to have been in anywise brought about by the
   ward's mental incapacity.

4. SAME—QUESTIONS REVIEWABLE—COUNTIES—NEGLIGENCE—NOTICE
   OF CLAIM FOR INJURIES.

   Sufficiency of averments of negligence of county, contained in
   notice filed with county clerk, as to injuries arising from de-
   fective condition of bridge in county highway is not deter-
   mined where notice is found defective by reason of misstate-
   ment that there were no witnesses to accident, whereas a
   witness riding with plaintiff's ward, now a mental incompe-
   tent, was present and no justifiable reason was given for not
   disclosing his name in the statement required by statute (CL
   1948, § 224.21).

Appeal from Monroe; Golden (Clayton C.), J.
Submitted October 6, 1950. (Docket No. 62, Calen-
dar No. 44,854.) Decided January 8, 1951.

Case by Edgar Eugene Methvin, a mentally-incom-
petent person, by Virgie Methvin, his guardian,
against County of Monroe, for injuries sustained
when automobile in which he was riding went
through railing of bridge. Case dismissed on mo-
tion. Plaintiff appeals. Affirmed.

*John C. Timms,* for plaintiff.

*Robert N. Sawyer,* Prosecuting Attorney, for de-
fendant.

REID, C. J.  Plaintiff claims in his declaration that
the defendant county failed to properly maintain in
a condition fit and safe for public travel, a certain

bridge and approach thereto situate on a county highway in the county of Monroe and that in consequence plaintiff suffered (beside damage to his automobile) great personal injuries, including 5 skull fractures. Plaintiff further claims in his declaration that his mental faculties as a result of the injuries he received became impaired. From an order of the trial court dismissing the cause of action, plaintiff appeals.

Plaintiff's declaration claims that the highway and bridge were in a defective and dangerous condition and that there was a series of elevations and depressions in the highway at a point where the bridge and highway join, that the railings of the bridge were in a defective and dangerous condition, the paving across the bridge worn, containing many holes which were dangerous and hazardous, all of which condition of approach and bridge had existed for more than 30 days before the accident.

Plaintiff claims that while riding in and operating his motor vehicle at a reasonable and proper speed, he started to cross the bridge, that as he entered the bridge his vehicle bounced on the elevations and depressions and that it was thereby thrown out of control, striking the rail on 1 side of the bridge and skidding across 3 or 4 times, and then went through the railing on the north side of the bridge, where his vehicle fell about 30 feet to the ground below.

The accident is alleged to have occurred on October 26, 1948, and on December 23, 1948, 58 days after the happening of the injury, plaintiff's attorney filed a notice with the county clerk of Monroe county of the happening of the accident, describing in said notice the condition of the bridge and approach thereto. The notice contained the statement, "There were no witnesses to the accident."

On February 1, 1949, the following notice was delivered to the county clerk:

"On December 23, 1948, a notice of claim for damages in the above captioned matter was filed with you. At that time it was stated that there were no witnesses to this accident. This was an oversight which has recently come to my attention, and which I wish to rectify at this time.

"There was 1 witness to my knowledge and he was also a passenger in the vehicle which Mr. Methvin was driving. The witness' name is Felix Collier. He resided for some time after the accident in Lawrenceburg, Tennessee, but has now returned to this city and can be reached at 210 Comstock street.

"I regret the error occurred but feel certain that this additional information has corrected the matter.

"Very truly yours,
"JOHN C. TIMMS."

As to the notice required to be given the county, the pertinent provision of the statute, CL 1948, § 224.21 (Stat Ann § 9.121) is as follows:

"Provided, however, That no county, subject to any liability under this section, shall be liable for damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road, bridge or culvert under the jurisdiction of the board of county road commissioners, unless such person shall serve or cause to be served within 60 days after such injury shall have occurred, a notice in writing upon the county clerk or deputy county clerk of such county, which notice shall set forth substantially the time when and place where such injury took place, the manner in which it occurred, and the extent of such injuries as far as the same has become known, the names of the witnesses to said accident, if any, and that the person receiving such injury intends to hold such county liable for such damages as may have been sustained by him."

On March 5, 1949, defendant county filed a motion to dismiss on the ground that plaintiff's notice in writing (dated December 22, 1948 and apparently filed December 23, 1948) does not conform to the statutory requirements concerning notice in relation to the names of witnesses to the accident, and that it is insufficient in details concerning the alleged defects in the highway and bridge. The trial court ruled in effect that the requirement of the statute as to giving notice was mandatory and that the notice given in the instant case was insufficient respecting "the names of the witnesses to said accident, if any."

The question involved as stated by plaintiff is as follows:

"Does the omission of the name of a witness to an accident, though known, from the notice of claim filed within 58 days following accident, upon the county clerk, under CL 1929, § 3995 (CL 1948, § 224.-21*), void the notice, although the name and address of the witness is filed with the county clerk in a supplemental notice, within 98 days following the accident?"

We have heretofore in effect construed as mandatory the provisions of this and similar statutes requiring notice in a limited time to a public corporation as a prerequisite to an action for damages caused by negligence. See *Ridgeway* v. *City of Escanaba,* 154 Mich 68, 72, and *Harrington* v. *City of Battle Creek,* 288 Mich 152, 155. See, also, 38 Am Jur, § 703, p 405.

A notice stating, "There were no witnesses to the accident," is not a substantial compliance with the requirement of the statute when the witness is known.

There is no showing that the incorrect statement that there were no witnesses was in anywise brought

---

* Stat Ann § 9.121.—Reporter.

about by any mental incapacity of plaintiff Methvin and we do not rule upon the effect of mental incapacity as an excuse for noncompliance with the quoted statute.

Plaintiff's attorney does not disclose any justifiable reason for omitting the name of the witness to the accident from the original notice though such witness was then known.

It is not necessary in view of our determination of the case on other grounds to decide the question of sufficiency of averments of negligence.

The order appealed from is affirmed.     Costs to defendant.

BOYLES, NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.