Joyce M. KRAUS, Special Administrator of the Estate of Kenneth Kraus, Deceased, Plaintiff,

v.

BOARD OF COUNTY ROAD COMMISSIONERS FOR the COUNTY OF KENT and Board of County Road Commissioners for the County of Newaygo, jointly and severally, Defendants.

Joyce M. KRAUS, Plaintiff,

v.

BOARD OF COUNTY ROAD COMMISSIONERS FOR the COUNTY OF KENT and Board of County Road Commissioners for the County of Newaygo, jointly and severally, Defendants.

Civ. A. Nos. 4360, 4365.

United States District Court
W. D. Michigan, S. D.

Dec. 30, 1964.

Bergstrom, Slykhouse & Van Orden, Grand Rapids, Mich., Richard M. Van Orden, Grand Rapids, Mich., of counsel, for plaintiff.

Allaben & Massie, Grand Rapids, Mich., Sam F. Massie, Jr., Grand Rapids, Mich., of counsel, for Newaygo County Board of Road Com'rs.

Cholette, Perkins & Buchanan, Grand Rapids, Mich., William D. Buchanan, Grand Rapids, Mich., of counsel, for Kent County Board of Road Com'rs.

FOX, District Judge.

The question presented by this motion is whether or not Michigan Statutes Annotated, § 9.121 [Comp.Laws 1948, § 224.21, Pub.Acts 1951, No. 234], requiring written notice to the Board of County Road Commissioners of claims against them for injuries caused by defective roads within sixty days of the date of injury, applies in actions brought under Michigan Statutes Annotated, § 27A.-2922, the Wrongful Death Act [Comp. Laws 1948, § 600.2922, Pub.Acts 1961, No. 236].

Michigan Statutes Annotated, § 9.121 provides that counties have the duty to "keep in reasonable repair, so that they shall be reasonably safe and convenient

for public travel," all county roads. It further provides that "the provisions of law respecting liability of townships, cities, villages and corporations for damages for injuries resulting from a failure in the performance of the same duty respecting roads under their control, shall apply to counties adopting such county road system."

Finally, there is a proviso that no county board of road commissioners shall be liable for "damages sustained by any person upon any county road, either to his person or property, by reason of any defective county road * * * unless such person shall serve or cause to be served within 60 days after such injury," notice to the board.

Defendant contends that since there was admittedly no notice filed in this action, the plaintiff has no cause, and the action should be dismissed.

Plaintiff claims that the action maintained under the Wrongful Death Act is not a personal injury within the notice requirements of the statute, and therefore, is supported solely by the provisions of the Wrongful Death Act and is maintainable with no notice.

While the precise question has never been decided in the State of Michigan, other jurisdictions have held that such notice requirements are inapplicable in cases of wrongful death actions, and there is authority in Michigan to support a holding that a similar result would be reached in the courts of this state.

The case of Racho v. City of Detroit, 90 Mich. 92, 51 N.W. 360, decided that Public Act No. 264 of 1887, (the forerunner of Michigan Statutes Annotated, § 9.591 [Comp.Laws 1948, § 242.1, Pub. Acts 1951, No. 19]) which provided that no municipality would be liable for any bodily injuries sustained upon public highways except under the provisions of that Act, was inapplicable in an action for wrongful death—the provisions of the Wrongful Death Act governed such an action.

The question of whether the statute limiting liability to cases of personal injury or the Wrongful Death Act governed, came up again for decision in the case of McCaul v. Kent County, 231 Mich. 681, 204 N.W. 756, decided in 1925, some ten years after an additional provision to Public Acts 1887, No. 264, established a notice requirement in cases in which it was intended to sue any city or incorporated village for damages as a result of personal injuries caused by negligent maintenance. The court was not called upon to deal with the notice provision, but rested its decision on the holding that the survival act alone governed the action, and the statutory language limiting liability to cases of personal injury was irrelevant to the disposition of the case.

The case presently before the court presents the same situation, except that in place of a city or incorporated village being responsible for road maintenance, we have a board of county road commissioners.

Therefore, following the Racho and McCaul cases, supra, it seems clear that the provisions of Michigan Statutes Annotated, § 9.121, which provide for notice in order to maintain an action, are not relevant and the action proceeds solely under the provisions of the Wrongful Death Act.

Defendants argue that to so hold is to ignore the doctrine of governmental immunity. Of this doctrine we shall say more later in this opinion, but for purposes of this decision it is unnecessary to reach that question.

Under Michigan Statutes Annotated, § 9.121 the following is declared: "[i]t is hereby made the duty of the counties to keep in reasonable repair, so that they shall be reasonably safe and convenient for public travel, all county roads * * * that are within their jurisdiction and under their care and control and which are open to public travel." Thus, the duty is not to any particular class, it is a general duty to the public at large.

Furthermore, under the same statute, it is made clear, as set forth in the opening discussion of the statute, that the

liability of counties adopting the county road system is the same as that of townships, cities, villages and corporations in the performance of that duty.

Michigan Statutes Annotated, § 9.591 is the statute which delineates the liability of townships, etc., for bodily injuries sustained on streets or highways. The statute provides that the governmental body "shall be liable to and shall pay to the person or persons so injured or disabled, [and to any person suffering damages by reason of such injury] just damages."

It is, then, abundantly clear that counties can be liable for wrongful death, by the very statute which sets forth the notice requirement.

And yet the notice requirement of Michigan Statutes Annotated, § 9.121 pertains only to personal injuries, and makes no mention, as the amendment to Michigan Statutes Annotated, § 9.591 does, of damages suffered by another as a result of such injuries, as is the case in an action for wrongful death. Were it the intention of the legislature to include wrongful death actions within the ambit of the notice requirement of Michigan Statutes Annotated, § 9.121, it must be presumed, in the light of the Racho and McCaul cases, supra, and the 1951 amendment to Michigan Statutes Annotated, § 9.591, that it would have made specific provision for such notice. In the absence of such a declaration, this court is constrained to the holding that the notice provisions of Michigan Statutes Annotated, § 9.121 are inapplicable in actions for wrongful death.

Courts in other jurisdictions have construed statutes with notice requirements similar to Michigan Statutes Annotated, § 9.121 as inapplicable in cases of wrongful death. See, for example, Stormo v. City of Dell Rapids, 75 S.D. 582, 70 N.W. 2d 831, 51 A.L.R.2d 1123 (1955); City of Indianapolis v. Willis, 208 Ind. 607, 194 N.E. 343 (1935); Maylone v. City of St. Paul, 40 Minn. 406, 42 N.W. 88; Bigelow v. Town of St. Johnsbury, 92 Vt. 423, 105 A. 34; and Prouty v. City of Chicago, 250 Ill. 222, 95 N.E. 147.

Regarding the question of sovereign immunity, it is clear that were this action to be presented today, there would be no occasion for discussion of the doctrine. The Supreme Court of the State of Michigan in the case of Williams v. City of Detroit, 364 Mich. 231, 111 N.W. 2d 1, abolished governmental immunity from tort claims, at least as to municipal corporations. Since the same provisions respecting liability of municipal corporations are made applicable to counties adopting the county road system, the claim of sovereign immunity by such counties, as to liability resulting from faulty road maintenance, no longer has merit.

The Williams case, supra, deals at great length with the rationale and present utility of the doctrine and finds that it represents "historic injustice." Thus, Michigan finds itself in accord with the "growing subjection of governmental action to the moral judgment." (Mr. Justice Frankfurter in National City Bank v. Republic of China, 348 U.S. 356, 359, 75 S.Ct. 423, 426, 99 L.Ed. 389, 396.)

Finally, if this case did not lend itself to decision on the stated grounds, this court would be obliged to measure the sixty-day notice requirement of Michigan Statutes Annotated, § 9.121 against the constitutional standards of due process and equal protection of the law in light of all the facts and circumstances of this case.

Conceivably this prerequisite to suit could raise grave constitutional questions in the area of due process and equal protection of the laws, for in the atmosphere of grief and uncertainty following a fatal or crippling accident, deprivation of a property right, a cause of action, for mere failure to file a formal claim within the relatively brief period of sixty days, could well be a constitutional violation.

However, for the reasons stated above, the motion for summary judgment is denied.