MORGAN v. McDERMOTT.

1. HIGHWAYS—COUNTY ROAD COMMISSION—STATUTES—NEGLIGENCE—
NOTICE—DEATH.

Statute requiring that notice be given to the chairman of the
board of county road commissioners and its clerk within 60
days following an accident resulting in personal injuries
through negligence of the board of county road commissioners
in maintaining highway *held*, to have no application where
plaintiff seeks to recover damages suffered by wrongful death
(CLS 1961, §§ 224.21, 242.5, 600.2922).

2. SAME—CONTRIBUTION—BOARD OF COUNTY ROAD COMMISSIONERS—
STATUTES — DAMAGES — NEGLIGENCE — NOTICE — ACCELERATED
JUDGMENT.

Accelerated judgment in favor of board of county road commis-
sioners, dismissing principal defendants' third-party complaint
against the board which sought contribution from the county
on the basis that negligence on the part of the county in main-
taining highway was a proximate cause of an automobile
accident resulting in death of principal plaintiff's decedent,
for which damages were sought in wrongful death action by
plaintiff *held*, error, where accelerated judgment was based
upon failure to give 60-day written notice to the chairman of
the board of county road commissioners and its clerk, since
highway statute, as written, requires such notice only where
·plaintiff seeks recovery for personal injuries, there being no
requirement that such notice be given in an action under the
wrongful death act (CLS 1961, §§ 224.21, 242.5, 600.2925[1];
GCR 1963, 116.1).

3. NEGLIGENCE—JOINT TORT-FEASORS—CONTRIBUTION.

The statutory right of action for contribution between joint
tort-feasors arises because one tort-feasor pays more than his

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 25 Am Jur, Highways § 550 *et seq.*
[3] 18 Am Jur 2d, Contribution § 3.
[4, 5] 18 Am Jur 2d, Contribution §§ 73–75.
·Right of defendant in action for personal injury or death to bring
in joint tort-feasor for purpose of asserting right of contribution,
11 ALR2d 228.

pro rata share of a joint judgment, the theory being that each tort-feasor, through his tortious conduct, has caused a single, indivisible injury to the plaintiff who can look to either or both for relief and is entitled to full satisfaction from one or the other or both (CLS 1961, § 600.2925).

4. SAME—JOINT TORT-FEASORS—STATUTES—COURT RULES—CONTRIBUTION.

Statute and court rules now permit a tort-feasor to add another tort-feasor as a third-party defendant even where plaintiff chooses to sue only one tort-feasor, in order to obtain contribution (CLS 1961, § 600.2925; GCR 1963, 204).

5. STATUTES — COURT RULES — NEGLIGENCE — JOINT TORT-FEASORS —CONTRIBUTION.

A plaintiff is entitled to a joint judgment against a tort-feasor made a third-party defendant pursuant to contribution statute and court rule (CLS 1961, § 600.2925; GCR 1963, 204).

Appeal from Oakland; Adams (Clark J.), J. Submitted Division 2 December 7, 1966, at Lansing. (Docket No. 1,798.) Decided November 27, 1967. Rehearing denied January 23, 1968. Leave to appeal granted April 9, 1968. See 380 Mich 765.

Complaint by Merle Morgan, administrator of the estate of Sharon Rose Morgan, deceased, against Andrew J. McDermott, Jr., and James Alan Coak, for damages as the result of the decedent's death in an automobile accident caused through alleged negligence of defendant Coak. Defendants filed a third-party complaint against the Board of County Road Commissioners of the County of Oakland, seeking contribution from the third-party defendant. Summary judgment for third-party defendant. Third-party plaintiffs appeal. Reversed.

*Hartman, Beier, Howlett & McConnell,* for third-party plaintiffs.

*Patterson & Patterson, Barrett and Whitfield* (*Gerald G. White,* of counsel), for third-party defendant.

J. H. Gillis, J.   Plaintiff, Merle Morgan, in his capacity as administrator of the estate of Sharon Rose Morgan, deceased, brought an action pursuant to the wrongful death act[1] against the defendants Andrew J. McDermott, Jr., and James Alan Coak, jointly and severally, for the death of Sharon.   This suit arose out of an automobile accident January 29, 1964, in which defendant Coak, operating a motor vehicle owned by defendant McDermott, collided head-on with a motor vehicle in which the decedent was riding.   Promptly after this suit was started and service made on defendants, they moved to add the Board of County Road Commissioners of the County of Oakland as a third-party defendant. The motion was granted and the original defendants then filed their answer.   In the third-party complaint it was alleged that the county road on which the accident occurred was unsafe, that the third-party defendant had knowledge of this condition, failed to correct same and therefore it contributed to the cause of the accident.   This latter complaint contends that therefore the original defendants have a right of contribution from the third-party defendant based on their liability under CLS 1961, § 600-.2925(1) (Stat Ann 1962 Rev § 27A.2925[1]).[2]

On January 31, 1966, the trial court granted the third-party defendant's motion for accelerated judgment[3] and dismissed defendant's complaint ruling

---

[1] CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).

[2] CLS 1961, § 600.2925(1) (Stat Ann 1962 Rev § 27A.2925[1]):  "Whenever a money judgment has been recovered jointly against 2 or more defendants in an action for bodily injury or death resulting therefrom, or property damage, and such judgment has been paid in part or in full by 1 or more of such defendants, each defendant who has paid more than his own pro rata share is entitled to contribution with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment.   Joint tort-feasors who are summoned in as third party defendants pursuant to court rule may likewise be liable for contribution.   No person may be compelled to pay any other defendant an amount greater than his pro rata share of the entire judgment."

[3] See GCR 1963, 116.1—Reporter.

that the failure to give notice in accordance with CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) barred the claim. We must decide whether this notice requirement applies to a third-party action against a county road commission for contribution between joint tort-feasors arising out of a wrongful death claim.

It is conceded on appeal that neither the original plaintiff nor the defendants served or caused to be served a written notice upon the clerk and chairman of the board of county road commissioners of their claim.

The third-party defendant-appellee in its brief cites three cases and on oral argument another to bolster its argument that the trial court did not err in granting the motion for accelerated judgment. *Methvin* v. *County of Monroe* (1951), 329 Mich 426; *Lenz* v. *City of Detroit* (1960), 361 Mich 166; *Moore* v. *County of Ingham* (1961), 363 Mich 533; *White* v. *Johnson* (1965), 272 Minn 363 (137 NW2d 674).

The three cited Michigan cases each involve suits by an injured party directly against a municipality or county—do not involve the wrongful death act and do not involve a right of contribution by one tort-feasor against a joint tort-feasor. These cases shed no light on the precise issue presented here.

The *White Case* is factually distinguishable. It involves a statute of Minnesota, quite similar to Michigan's statute, which made notice to a municipality a condition precedent to instituting suit. The supreme court of Minnesota held that the right to recover contribution was not defeated by failure of the plaintiff to give notice where the third-party defendant gave notice to the city of his claim for injury.

Appellant relies on a decision by District Judge Fox in *Kraus* v. *Board of County Road Commission-*

*ers for Kent County* (WD Mich, 1964), 236 F Supp
677, which held that the notice provisions of the statute[4] were not applicable in an action brought under
the wrongful death act.[5]   At page 679 the court
stated:

"And yet the notice requirement of CLS 1961,
§ 224.21 (Stat Ann 1958 Rev § 9.121), pertains only
to personal injuries, and makes no mention, as the
amendment to CLS 1961, § 242.1 (Stat Ann 1958 Rev
§ 9.591) does, of damages suffered by another as
a result of such injuries, as is the case in an action
for wrongful death.   Were it the intention of the
legislature to include wrongful death actions within
the ambit of the notice requirement of CLS 1961,
§ 224.21 (Stat Ann 1958 Rev § 9.121), it must be
presumed, in the light of the *Racho* and *McCaul
Cases, supra,* and the 1951 amendment to CLS 1961,
§ 242.1 (Stat Ann 1958 Rev § 9.591), that it would
have made specific provision for such notice.   In
the absence of such a declaration, this Court is constrained to the holding that the notice provisions
of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121)
are inapplicable in actions for wrongful death."[6]

We adopt the reasoning of *Kraus* v. *Board of
County Road Commissioners, supra,* and hold that
the 60 day notice provision of CLS 1961, § 224.21,
*supra,* does not apply to a wrongful death action.

The statutory right of action for contribution between joint tort-feasors arises because one tort-

---

4 CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121).
5 CLS 1961, § 600.2922 (Stat Ann 1962 Rev § 27A.2922).
6 CL 1948, § 242.5 (Stat Ann 1958 Rev § 9.595) provided that no
municipality would be liable for any bodily injuries sustained upon
public highways except under the provisions of that act.   *Racho* v.
*City of Detroit* (1892), 90 Mich 92, held that this act was not applicable to an action for wrongful death.   This decision was affirmed
in *McCaul* v. *Kent County* (1925), 231 Mich 681.   In 1951 the legislature amended the original CL 1948, § 242.1 (Stat Ann 1958 Rev
§ 9.591) to extend liability "to any person suffering damages by reason of such injury."   Originally it provided for recovery by "any
person or persons sustaining bodily injury."

feasor pays more than his pro rata share of a joint judgment. The theory is that each tort-feasor, through his tortious conduct, has caused a single, indivisible injury to the plaintiff. Plaintiff can look to either or both for relief and is entitled to a full satisfaction from one or the other or both. Under the present rules[7] if plaintiff chooses to sue one tort-feasor, the other tort-feasor can be added as a third-party defendant so that the requirement of a joint judgment is satisfied. The statute seeks to do equity between the tort-feasors by equalizing the loss between them without interfering with the plaintiff's rights.

By our adoption of the rule that the notice provision of CLS 1961, § 224.21 (Stat Ann 1958 Rev § 9.121) does not apply to a wrongful death action in which joint tort-feasors are involved, the plaintiff in the present case would be able to obtain a joint judgment against all the defendants including the board of county road commissioners of the county of Oakland, assuming the fact finder determined liability in plaintiff's favor. An opposite result would frustrate the intent of the contribution statute.

We hold that the notice provision of CLS 1961, § 224.21, _supra,_ does not apply to an action for contribution between joint tort-feasors pursuant to CLS 1961, § 600.2925 (Stat Ann 1962 Rev § 27A.2925) arising out of a wrongful death claim.

Judgment reversed. Costs to appellant.

T. G. Kavanagh, P. J., and McGregor, J., concurred.

---

[7] GCR 1963, 204.