JAMES RITCHIE, Appellant, v. STANDARD SURETY AND CASUALTY COMPANY OF NEW YORK, Respondent.

Third Department, July 11, 1939.

*Morris Marshall Cohn,* for the appellant.

*Strong & Golden [Heaword Robinson* of counsel], for the respondent.

SCHENCK, J. In November, 1934, the defendant issued to Annabella Ritchie, wife of the plaintiff-appellant, a policy of insurance insuring her against death or disability resulting from bodily injuries effected solely through external, violent and accidental means. The insured was killed in a train wreck at Castlecary, Scotland, while riding as a fare-paying passenger on a London and Northeastern Railway train. The policy is limited in that it covers death or disability resulting from injuries sustained while a passenger on a common carrier or by a so-called " Act of God." Under the insurance clause, the defendant " does hereby insure * * * against death or disability resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means, * * * subject to the limitations and conditions herein contained." Across the face and back of the policy are stamped the words, " This is a limited policy, Read it carefully." The policy under " General Provisions " states, " This insurance does not cover any injuries sustained without the limits of the United States or Canada."

It is the contention of the plaintiff that the defendant did not intend the word " injuries " to cover death, and that the policy is

ambiguous. I am not impressed with this argument. To recover under the policy, death or disability must occur from injuries within the limitations of the provisions of the policy. I am not unmindful of the rule that where the terms of an accident insurance policy are ambiguous or subject to different construction, it must be liberally construed in favor of the insured. But I find no ambiguity in the insuring clause nor in the subdivision of the General Provisions which specifically provides that it " does not cover any injuries sustained without the limits of the United States or Canada."

Giving the policy the most liberal construction in favor of the insured, the insurer should not be held liable. An insured cannot reasonably expect indemnity outside the limitation of his contract and where there is no ambiguity, there is no occasion for the exercise of choice of interpretation, and the policy will be construed according to the plain and ordinary meaning of its terms. (*Houlihan* v. *Preferred Accident Ins. Co.*, 196 N. Y. 337.)

Counsel for both plaintiff-appellant and defendant-respondent concede that " injury " is defined as " Damage or hurt done to, or suffered by a person or thing; an act which damages, harms or hurts." This plaintiff could not recover unless his wife suffered injuries which resulted in death or disability, for the defendant's liability is based upon death or disability resulting from injuries, and such injuries must occur within the boundaries of the United States or Canada.

The judgment in favor of the defendant should be affirmed.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment affirmed, with costs.