H. Orville Warner, Respondent, v. Syracuse Supply Co., Inc., Appellant. — Motion for reargument denied; motion for leave to appeal to the Court of Appeals denied. Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ. [See *ante*, p. 963.]

## (November 15, 1945.)

Charles L. Andrews, Respondent, v. Travelers Insurance Company, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Memorandum: The total disability clause and the partial disability clause in this insurance contract must be read together. When so read, it is clear that total disability is such disability as "wholly prevents him from performing each and every duty of his occupation". Partial disability is such disability as "wholly prevents the Insured from performing one or more important daily duties of his occupation". The language used is not ambiguous and should be construed according to its ordinary meaning. (*Johnson* v. *Travelers Insurance Co.*, 269 N. Y. 401, 407.) Plaintiff admits that he can use his right hand and arm within the range of motion remaining in his right shoulder. His attending physician, as well as the doctors sworn by the defendant, also state that he can. His employment record since his injury also indicates his ability to do so. It appears from the evidence, and is almost a matter of common knowledge, that many of the duties of the occupation of "House painter, inside and outside, and electrician, wiring houses inside only", can be, and customarily are performed, without necessity that the workman use his right arm beyond the limit of plaintiff's present ability to use his right arm. We think there was no question of fact to be passed upon by the jury. We think also that to construe the language of the insurance contract so as to include plaintiff's disability within the category of "total disability" would amount to a rewriting of the policy rather than a construction of the same. All concur, except Dowling, J., not voting, and Harris, J., who dissents and votes for affirmance. (The judgment is for plaintiff in an action under a sick and accident insurance policy.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

Sam Eber, Respondent, v. Benrus Watch Company, Appellant.— Order so far as appealed from affirmed, with $10 costs and disbursements. All concur. (The portion of the order appealed from denies defendant's motion to dismiss plaintiff's complaint in an action to recover damages for the alleged breach of an agreement.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.

In the Matter of the Accounting of Fred A. Lewis, as Surviving Executor and Trustee under the Will of Adelaide R. Thomas, Deceased, Respondent. J. Blaine Thomas, as Executor of J. Frank Thomas, et al., Appellants.— Decree affirmed, with costs payable out of the estate to all parties filing briefs. All concur. (The decree construes a will.) Present — Taylor, P. J., Dowling, Harris, McCurn and Larkin, JJ.