WILLIAM MALICAN, Respondent, v BLUE SHIELD OF WESTERN NEW YORK, INC., Appellant.

Fourth Department, May 14, 1976

*Phillips, Lytle, Hitchcock, Blaine & Huber (Paul Zuydhoek* and *David A. Clemens* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear (Jerome Schad* of counsel), for respondent.

MOULE, J. The question presented on this appeal is whether either the terms of defendant's contract for medical and surgical benefits or section 250 of the Insurance Law provides coverage for the cost of services rendered to plaintiff's daughter by a psychiatric social worker at the Buffalo Psychiatric Clinic, Inc.

On September 1, 1972 plaintiff and his wife visited the Buffalo Psychiatric Clinic, Inc. in connection with family problems and spoke with Dr. Burton Stulberg. Dr. Stulberg referred them for counseling to a clinical psychologist on the staff with whom they met 12 times over the course of the next four months. He also suggested, as part of the treatment for the entire family, that their daughter meet with a psychiatric social worker. On September 9, 1972, pursuant to Dr. Stulberg's suggestion, plaintiff's daughter was counseled at the clinic by a psychiatric social worker and subsequent sessions were held on July 11 and July 26, 1973. In total, plaintiff, his wife and his daughter made 16 separate visits to the clinic and a bill in the amount of $480 was submitted to defendant for payment under the terms of plaintiff's medical insurance policy.

On February 14, 1974 plaintiff was informed by the clinic that his claim had been rejected and on March 8, 1974 he commenced an action in Buffalo City Court to recover under his policy. At the trial defendant admitted liability for $390, representing billings for services rendered at the clinic to plaintiff and his wife by the clinical psychologist, but disclaimed liability for the remaining $90, representing the cost of services rendered to their daughter by the psychiatric social worker. The City Court held in plaintiff's favor and on appeal to the Erie County Court its judgment was affirmed. We think both courts erred in their construction of applicable policy

provisions and in their interpretation of section 250 of the Insurance Law.

The terms of defendant's contract for medical and surgical benefits to which plaintiff subscribed clearly do not provide coverage for services rendered by a psychiatric social worker. Article II (§ 1, subd [i]) of that contract provides coverage for certain specified psychiatric services. Five categories of treatment are enumerated and with one exception, inapplicable here, each must be rendered either by a doctor or by a psychologist under directions from a doctor. A doctor, as defined by section 6 of article I of the contract, is "any duly licensed physician, osteopath, dentist or podiatrist" and a psychologist is defined by section 11 of section I as "a person who is certified as [a] psychologist under the Education Law of the State of New York, and who is trained and experienced in the administration of psychological tests." Neither definition is susceptible to the inclusion of psychiatric social workers within its scope and, since the terms of the insurance contract are in no way ambiguous, the plain and ordinary meaning of the language used therein must control its interpretation (*Ritchie v Standard Sur. & Cas. Co.,* 257 App Div 545). Furthermore, the policies of a nonprofit insurance corporation should not be subject to a strained reading which may benefit a particular subscriber but result in a raise of premiums generally (*Moeller v Associated Hosp. Serv. of Capital Dist.,* 304 NY 73).

Moreover, the provisions of section 250 of the Insurance Law, by which defendant concedes it is bound, do not operate to broaden the coverage which the insurance contract provides. The use of the terms "psychiatric" or "psychological services" provided "through" physicians, in describing minimum medical expense indemnity coverage, cannot be construed so as to open the door to requiring medical insurers to reimburse their insureds for fees paid to any classification of practitioner to whom they might be referred by a physician or other covered professional. The history behind section 250 shows a pattern in which the Legislature has broadened its scope on a gradual basis by adding, from time to time, particular categories of covered professional services (see L 1963, ch 139, adding physical therapists; L 1969, ch 765 and ch 832, adding psychiatrists, psychologists and optometrists; L 1971, ch 982, adding chiropractors). Such a background belies any claim that the Legislature intended to include a limitless

range of unspecified practitioners within the scope of this statute.

The judgment should be modified accordingly.

MARSH, P. J., CARDAMONE, MAHONEY and GOLDMAN, JJ., concur.

Order unanimously modified in accordance with opinion by MOULE, J., and as modified affirmed, without costs.