■ AMERICAN THERMOSTAT CORP., Appellant, v AETNA CASUALTY AND SURETY COMPANY, Respondent.—Appeal from a judgment of the Supreme Court, entered January 28, 1976 in Greene County, upon a verdict rendered at a Trial Term which awarded the plaintiff the sum of $125 in an action to recover on an insurance policy. This action arose from a loss claimed under a fidelity bond pursuant to which defendant insured plaintiff at all times relevant against employee dishonesty under certain circumstances and conditions. The alleged loss herein was approximately $123,000 worth of silver points and $125 worth of brass parts, all of which plaintiff contends were lost as a result of employee dishonesty. Of this total amount, an employee of plaintiff ultimately confessed to taking $1,600 worth of silver points, which were recovered, and the missing brass parts, but the remaining alleged loss of more than $120,000 could be ascertained by plaintiff only by resort to an inventory computation or a profit and loss computation. Accordingly, since the insurance policy in question expressly excluded coverage for losses which could be ascertained or computed only in that way and since, aside from the property admittedly taken by the employee, plaintiff could offer no alternative proof to establish that its alleged loss resulted from employee dishonesty, the trial court awarded plaintiff only the sum of $125 to cover the loss of the brass parts. Plaintiff now appeals, and we hold that the judgment must be affirmed. By its specific terms, the insurance policy clearly and explicitly states that it does not apply to losses "the proof of which * * * is dependent upon an inventory computation or a profit and loss computation" unless the insured can otherwise establish its loss "through evidence wholly apart from such computations". There being so many factors aside from employee dishonesty which can affect such computations, it is readily understandable why such a clause was inserted in the policy. Moreover, other than the computations, plaintiff presented no proof which would warrant a finding that its alleged great loss was due to employee dishonesty. Surely, the confession of the employee that he took $1,600 worth of silver points does not adequately support a determination that he took an additional quantity of such points valued in excess of $120,000, and, such being the case, we must enforce the clear and unambiguous language of the policy and deny plaintiff any recovery therefor *(First Nat. Bank of East Islip v National Sur. Co.,* 228 NY 469; *Malican v Blue Shield of Western N. Y.,* 52 AD2d 190; *Ritchie v Standard Sur. & Cas. Co. of N. Y.,* 257 App Div 545, mot for lv to app den 257 App Div 1080). To hold otherwise would constitute "a rewriting of the policy rather than a construction of the same" *(Andrews v Travelers Ins. Co.,* 269 App Div 1011, affd 296 NY 600). Judgment affirmed, with costs. Greenblott, J. P., Kane, Main, Larkin and Herlihy, JJ., concur.