267 N.W.2d 728 (1978)
Debra LaPLANTE, Respondent,
v.
PYRAMID LIFE INSURANCE COMPANY, Appellant.
No. 48086.
Supreme Court of Minnesota.
April 21, 1978.
*728 Murphy, Lano & Kalar, Grand Rapids, O. C. Adamson, II, Minneapolis, for appellant.
Warren H. Anderson, Grand Rapids, for respondent.
Heard before PETERSON, KELLY and YETKA, JJ., and considered and decided by the court en banc.
YETKA, Justice.
Appeal by defendant from a judgment entered in district court. The trial court granted plaintiff's motion for summary judgment and denied defendant's motion for summary judgment. It found that the insurance policy issued by defendant to plaintiff's decedent provided coverage for his death resulting from the crash of a private airplane which he was piloting. We reverse.
Plaintiff was the beneficiary of a policy of insurance issued by defendant to plaintiff's husband, Roger LaPlante. Roger LaPlante died in the crash of an airplane which he was piloting. Plaintiff made a claim under the policy, but defendant denied coverage on the ground that the policy expressly excluded benefits for injury resulting from the operation of a private noncommercial aircraft. The trial court found that the policy was ambiguous and construed it against the insurance company.
The issue raised is: Where an insurance policy excludes coverage for injury sustained as a consequence of occupying a private aircraft, are the death benefits under the policy payable when the insured dies in the crash of a private aircraft?
The policy in question provided a $5,000 death benefit to the named beneficiary 
"[w]hen injury results in the death of the Insured within ninety (90) days after the date of the accident * * *."
Part I defined injury as used in the policy as 

*729 "* * * accidental bodily injury sustained while this policy is in force and resulting directly and independently of all other causes in loss covered by this policy."
Part VIII of the policy excluded benefits with respect to
"* * * (2) [i]njury sustained as a consequence of riding in any type of aircraft except as a passenger for transportation only in a licensed civilian passenger aircraft."
The trial court found that the policy was ambiguous and held that the exclusion of benefits with respect to injury sustained as a consequence of operation of an aircraft did not exclude benefits for death as a consequence of operation of an aircraft. It relied on the well settled principle that ambiguities in insurance contracts are to be construed against the insurer, e. g., Caspersen v. Webber, 298 Minn. 93, 213 N.W.2d 327 (1973). The trial court noted that the boldfaced print advised the insured that he was purchasing accidental death benefits. It reasoned that the insurance company could as easily have excluded death and injury in exclusion (2) as it did in exclusion (1).[1]
Defendant argues that the policy is unambiguous and that the court should not read an ambiguity into the policy in order to construe it against the insurance company. Bobich v. Oja, 258 Minn. 287, 104 N.W.2d 19 (1960). It argues that "injury" includes both fatal and nonfatal injuries in its ordinary meaning. It further contends that the explicit provisions of the policy exclude death benefits in this case. Its argument is as follows: "Injury" is defined as injury resulting in loss covered by the policy. Death benefits are payable for injury (resulting in loss covered by the policy) which result in death. Because injury resulting from the operation of aircraft does not result in loss covered by the policy, there has been no covered injury resulting in death.
At oral argument, plaintiff's attorney admitted that if the policy contained language in the exclusion clause denying recovery for injury or other loss as a consequence of riding in a private aircraft, he would concede no recovery should be had. While the language referring to loss other than injury is not contained in the exclusion, the word loss is used in Part I, set forth above. Moreover, Part IV of the policy makes it clear that payment of death benefits occurs only when injury results in the death of the insured within 90 days. We thus find that there is no ambiguity in the policy. It is clear that the policy intended the word "injury" should include death from that injury.
The district court is therefore reversed and judgment is ordered entered for defendant.
NOTES
[1] Exclusion (1) excluded benefits with respect to "(1) Suicide while sane or insane; intentionally self inflicted injury; or self inflicted injury while insane." (Italics supplied.)