HALL v GROUP INSURANCE COMPANY OF MICHIGAN

Docket No. 45146. Submitted February 5, 1980, at Detroit.—Decided April 2, 1980. Leave to appeal applied for.

Shirley P. Hall brought an action against Group Insurance Company of Michigan seeking recovery of insurance benefits as a result of her husband's death which occurred when the motorcycle on which he was riding was involved in a collision with an automobile. Wayne Circuit Court found that the insurance policy excluded coverage for injuries incurred while an insured was riding a motorcycle and entered judgment in favor of the defendant, Patrick J. Duggan, J. The plaintiff appeals, alleging that, because the motorcycle exclusion does not specifically exclude payment for a death that occurs while an insured is riding a motorcycle, there is an ambiguity as to whether the policy provides coverage when a motorcycle accident results in death rather than a nonfatal injury. *Held:*

The phrase "bodily injury" as used in the exclusionary language of the policy includes bodily injuries which result in death. The language of the policy in question is unambiguously clear that no recovery is permitted when loss of life results from bodily injury sustained while riding a motorcycle.

Affirmed.

INSURANCE — WORDS AND PHRASES — AUTOMOBILES — BODILY INJURY — EXCLUSIONS — MOTORCYCLES.

The term "bodily injury" in a provision in an automobile insurance policy which excludes coverage for bodily injury while riding a motorcycle includes bodily injuries which result in death.

*Klein & Bloom, P.C.,* for plaintiff.

*Dickinson, Pike, Mourad, Brandt & Hanlon* and *Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *James G. Gross*), for defendant.

REFERENCE FOR POINTS IN HEADNOTE
[1] 7 Am Jur 2d (Rev), Automobile Insurance § 287.

Before: N. J. KAUFMAN, P.J., and D. E. HOL-
BROOK, JR., and R. M. MAHER, JJ.

D. E. HOLBROOK, JR., J. Plaintiff appeals from a
trial court judgment of no cause of action in favor
of the defendant. It found that an insurance policy
issued by the defendant to the plaintiff's husband
excluded coverage for his death resulting from an
automobile-motorcycle crash which occurred while
the plaintiff's husband was riding a motorcycle.
We affirm.

The issue raised is: Where an insurance policy
excludes coverage for injuries sustained while rid-
ing a motorcycle, are the death benefits under the
policy payable when the insured dies in an acci-
dent while riding a motorcycle?

The policy in question insured the member
"against the loss of life * * * which results from
bodily injury" when the injury was sustained un-
der certain specified circumstances. The policy
covered injuries sustained if an insured was struck
on a public street by an automobile. However,
under the "Exceptions and Definitions" section of
the policy it was stated, "This Certificate does not
cover injury: * * * while riding a motorcycle or
bicycle."

Plaintiff argues that, because the motorcycle
exception does not specifically exclude payment for
a death that occurs while riding a motorcycle,
there is an ambiguity as to whether the policy
provides coverage when a motorcycle accident re-
sults in death rather than a nonfatal injury. The
plaintiff claims that, because ambiguities in insur-
ance contracts must be construed in favor of cover-
age, she is entitled to insurance benefits for her
husband's death which resulted when he was
struck by an automobile while riding a motorcycle.
In support of her argument, plaintiff points out

that the cover sheet of the insurance policy distinguishes injury and death when it states that the policy purpose is to provide aid "in case of personal injury or death resulting from accidents specified in this Certificate".

While there are no previous Michigan cases which have considered this identical issue we find ourselves justified in applying the holding of this Court in *Phelps v Dep't of State Highways,* 75 Mich App 442; 254 NW2d 923 (1977). In that case the trial judge concluded that in enacting MCL 691.1402; MSA 3.996(102), which permits recovery only for "bodily injury", the Legislature had manifested an intent not to waive its immunity to suits for wrongful death. This Court, and we feel quite properly, stated at 446-447:

"We perceive no reason * * * to distinguish between persons who sustain bodily injury and persons who sustain such serious bodily injury that they are killed. *Accordingly, on grounds of public policy and common sense, we hold that the phrase 'bodily injury' * * * includes bodily injuries resulting in death."* (Emphasis supplied.)

We therefore hold the language of the insurance policy in question to be unambiguously clear that no recovery is permitted when loss of life results from bodily injury sustained while riding a motorcycle. Review of authorities from other jurisdictions further supports our holding.[1]

Affirmed.

---

[1] *LaPlante v Pyramid Life Ins Co,* 267 NW2d 727 (Minn, 1978), *American Ins Co of Texas v Estes,* 141 SW2d 459 (Tex Civ App, 1940), *Ritchie v Standard Surety Casualty Co of New York,* 257 App Div 545; 13 NYS2d 1022 (1939), *Robyn v New Amsterdam Casualty Co,* 257 SW 1065 (Mo, St Louis App, 1923), *Standard Life and Accident Ins Co of Detroit, Michigan v McNulty,* 157 F 224 (CA 8, 1907).