Wachtler, J.
(dissenting). The comprehensive employee dishonesty insurance policy issued by defendant specifically excludes from its coverage any loss “the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation”. Plaintiff’s claim is based upon the disappearance of 116 reels of wire and cable. The loss was discovered during a physical inspection of stock in the warehouse. I cannot perceive any difference in the ascertainment of a loss solely by reference to inventory records which detail the physical count of individually identifiable units and one which is based simply upon a before and after calculation of inventory. In the former case, we have proof as to which of the items are missing, but it remains true in both cases that the existence of a loss is based solely upon an unexplained reduction in inventory. The purpose of the exclusion is to prevent recovery for stock losses from many other possible causes, including the possibility of dishonesty or carelessness on the part of the insured. Accordingly, it is not so unreasonable, as the majority seems to feel, that the policy’s coverage is limited to *402 situations where employee theft is proved by more than unexplained loss.
Further, plaintiff has clearly failed to set forth sufficient proof, independent of the reduction in stock, that employee dishonesty was responsible for the loss, and its complaint should be dismissed on this basis alone. Although plaintiff could not identify the dishonest employee it believed to be responsible for the disappearance, the policy nevertheless permits recovery if the insured proves the loss and that the cause is employee dishonesty. Insofar as allegations of employee dishonesty are concerned, at best plaintiff has alleged limited access to the premises, difficulty in removing the stock, an elaborate security system which was not triggered during the 12-month period in which the loss must have occurred and the unexplained resignation of the supervisor, who had access to the stock and knowledge that its loss would not be noticed except at inventory. These allegations do no more than to raise a suspicion concerning the cause of the loss.
In Teviro Casuals v American Home Assur. Co. (54 NY2d 915, affg on opn below 81 AD2d 814), an employee was caught in the act of stealing four garments from his employer’s inventory. We held that this limited evidence of employee dishonesty was insufficient to permit recovery under the policy for the loss of thousands of garments (the loss of which was proved only by inventory computation).* Yet in the instant case on much less proof of actual employee dishonesty, the majority allows the use of inventory records to demonstrate the extent of the loss. It appears that recovery upon such speculative proof is exactly the situation that the insurer sought to avoid by insertion of this exclusion in the policy.
Chief Judge Cooke and Judges Jasen and Jones concur with Judge Meyer; Judge Wachtler dissents and votes to reverse in a separate opinion in which Judges Simons and Kaye concur.
Order affirmed, etc.

 I note that this appears to be exactly the absurd result the majority seeks to avoid by its holding in this case (supra, at p 398).