49 Mich. App. 412 (1973)
212 N.W.2d 240
In re WOODS ESTATE
NATIONAL BANK & TRUST COMPANY OF ANN ARBOR
v.
STATE HIGHWAY DEPARTMENT
Docket No. 13930.
Michigan Court of Appeals.
Decided September 24, 1973.
*414 Bellinson, Doctoroff & Wartell, for plaintiffs.
Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, and Louis J. Caruso and Myron A. McMillan, Assistants Attorney General, for defendant.
Before: QUINN, P.J., and BRONSON and O'HARA,[*] JJ.
Leave to appeal applied for.
O'HARA, J.
As the result of a fatal accident on I-94 when the Woods' automobile struck a barricade in the highway, plaintiffs filed their complaint alleging negligence in count I, gross negligence in count II and nuisance in count III. Following trial in the Court of Claims, the trial judge found that defendant was negligent and that decedent, Damon C. Woods, was contributorily negligent which barred the executor's claim on count I. The trial court found no gross negligence, but it did find nuisance to which contributory negligence was not a defense. From a judgment for the executor and for the individual plaintiff, defendant appeals. The executor cross appeals on the adequacy of the damages awarded to it.
Shortly after midnight on September 4, 1968, Damon C. Woods was driving west on I-94 with his wife, Lois D. Woods. Fog in the vicinity of the accident affected visibility. Due to construction on *415 westbound I-94, defendant had constructed the barricade involved as part of the routing of westbound traffic around the construction area. This routing moved westbound traffic off the westbound lanes of I-94 to the north eastbound lane in the construction area. Commencing at a point three-quarters of a mile east of the barricade, the following warning signs alerted westbound traffic of the barricade: construction ahead three-quarters of a mile; reduce speed; do not pass; barricade ahead; speed limit 50; two-way traffic ahead; divided highway ends. However, the lane dividing line and the double yellow lines on westbound I-94 had not been removed, and they led right into the barricade. There was no line leading traffic around the barricade to the north eastbound lane of I-94.
Although traveling within the posted speed limit, the Woods' vehicle struck the barricade. The impact caused a steel beam from the barricade to crash through the windshield, decapitating Mr. Woods. His head ended up in the back seat and his headless torso in the lap of his wife. She suffered no serious physical injuries, but she did suffer severe emotional shock.
Defendant first contends that the trial court's finding of negligence is contrary to the great weight of the evidence. On the basis of the whole record we are unable to say that the finding of negligence of the state was clearly erroneous, GCR 1963, 517.1.
The trial court, sitting as the trier of the facts, found that defendant created and maintained a nuisance not grounded on negligence and that decedent Damon Woods' contributory negligence was not a defense thereto.
We see no value in an extended discussion of the two generally recognized types of nuisance giving *416 rise to actions for damages. One forgives contributory negligence, the other does not. Usually they are differentiated as being "negligent nuisance" and "intentional nuisance". Perhaps the latter term is unfortunate. Manifestly the defendant in this case did not "intend" that decedent Damon Woods come to his tragic death. The real distinction is whether the nuisance involved arises out of what is sometimes called "simple" negligence or whether the lack of care and the lack of foreseeability is a breach of duty greater in kind than traditional simple negligence. The consensus holding is that into which category the acts or omissions fall can be either a question of law or of fact. In essence it seems to be the hypothetical "minds of reasonable men cannot differ" test that will determine whether the kind of nuisance under the adduced facts is a question of fact or law.
Consonant with what we think is the interpretation of this rule by our Supreme Court, we believe that the question of the type of nuisance created in this case was one of fact. The trial judge as trier of the facts resolved the question in favor of plaintiffs and against the defendant. We do not feel we can substitute our judgment for his. Thus, we feel obliged to affirm this aspect of the case.
So holding we then reach the question of the adequacy or inadequacy of the damages awarded.
We find no error in the trial court's finding that Lois D. Woods suffered a severe emotional shock as the result of this accident which has caused mental problems which presently persist. The finding justified the damage award to Mrs. Woods.
As to the pecuniary loss to decedent's estate, again we are faced with the proposition that while we might have awarded a larger sum, the trier of the facts did not. The recent thrust of all our case *417 law is to proscribe judicial evaluation for that of the jury  or in this case, the trial judge  if the award is within the range of testimony as to damages. We do not consider the award in this case to have violated that salutary rule.
The judgment of the trial judge is affirmed.
We deny the relief sought by plaintiffs on the cross appeal. No costs, neither party having prevailed in full.
BRONSON, J., concurred.
QUINN, P.J. (dissenting).
Before expressing the reasons for my dissent, I note one fact established by the record which is not mentioned in the majority opinion, namely: the barrier which decedent struck was adequately lighted.
The trial judge found defendant guilty of negligence, a finding affirmed by the majority and with which I agree. This negligence could only relate to the manner in which defendant obstructed traffic on westbound I-94 and routed that traffic around the construction site. The nuisance found by the trial court had to be created by this negligence. Contributory negligence is a defense to a nuisance that has its origin in negligence, Denny v Garavaglia, 333 Mich 317, 329; 52 NW2d 521, 526-527 (1952). The trial judge found that decedent was contributorily negligent and denied his estate's claim for recovery on the basis of defendant's negligence. The trial judge should have reached the same result on the estate's claim for recovery on the theory of nuisance to which contributory negligence is a defense, Garavaglia, supra.
The majority opinion preserves this error by the trial judge by reasoning that he sat as trier of the *418 facts and found that defendant created and maintained a nuisance "not grounded on negligence"; that this was a fact question on which this Court should not substitute its judgment for that of the trial judge. In my view, this reasoning of the majority opinion is faulty in two respects. It ignores, as did the trial judge, the fact that the only negligence of defendant created that which was found to be a nuisance. Secondly, if nuisance is found as a matter of fact, it is not a nuisance per se or at law, Bluemer v Saginaw Oil Service, 356 Mich 399, 411; 97 NW2d 90, 95-96 (1959). Contributory negligence is not a defense to a claim based on nuisance per se.
In Bluemer, supra, the Supreme Court quoted with approval from 66 CJS, Nuisances, § 3, pp 733, 734:
"A nuisance at law or a nuisance per se is an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings. Nuisances in fact or per accidens are those which become nuisances by reason of circumstances and surroundings, and an act may be found to be a nuisance as a matter of fact where the natural tendency of the act is to create danger and inflict injury on person or property."
In broad daylight or on a clear night, the manner in which defendant routed traffic around the construction site would not be a nuisance. It became such in the heavy fog that prevailed in the area on the night of this unfortunate accident.
Reversed as to the judgment in favor of the estate of Damon C. Woods; otherwise I concur with the majority opinion.
NOTES
[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6 § 23 as amended in 1968.