PHELPS v DEPARTMENT OF STATE HIGHWAYS

1. Highways—Negligence—Limitation of Actions—Notice—Prejudice—Statutes.

   A negligence action against the State Highway Department is subject to a two-year statute of limitations and a 120-day notice provision; however, lack of notice within 120 days does not operate as a bar to such claims absent a showing of actual prejudice to the state (MCLA 691.1402, 691.1404, 691.1411[2]; MSA 3.996[102], 3.996[104], 3.996[111] [2]).

2. States—Governmental Immunity—Statutes—Construction—Absurd Results.

   Statutory waivers of governmental immunity must be strictly construed; however, such statutes must not be interpreted in a manner that leads to absurd results.

3. Highways—Highway Repair—Negligence—Bodily Injury—Death—Statutes.

   Persons sustaining bodily injury, including bodily injuries which result in death, may sue the State Highway Department for negligence in failing to keep highways under its jurisdiction in reasonable repair and in a condition safe and fit for travel (MCLA 691.1402; MSA 3.996[102]).

Appeal from the Court of Claims, Thomas J. Foley, J. Submitted March 2, 1977, at Lansing. (Docket Nos. 28252, 28253.) Decided May 3, 1977.

Complaint in the Court of Claims by Mary Phelps, for herself as administratrix of the estates of Jack A. Phelps, deceased, Brian J. Phelps, deceased, Sallie R. Phelps, deceased, and Troy E.

References for Points in Headnotes

[1] 40 Am Jur 2d, Highways, Streets and Bridges § 581.
   51 Am Jur 2d, Limitation of Actions § 103.
[2] 72 Am Jur 2d, States, Territories and Dependencies §§ 118, 119.
[3] 39 Am Jur 2d, Highways and Streets §§ 339–341.

Phelps, deceased, and as next friend and guardian of Clint E. Phelps, a minor, against the Department of State Highways for damages for injuries and wrongful death arising out of a automobile accident. McCullagh Leasing, Inc., Madison Electric Company and Dennis M. Durocher intervened as plaintiffs seeking contribution from the Department of State Highways in the event they were held liable in a separate circuit court action arising out of the same automobile accident. Accelerated and summary judgments for defendants. Plaintiff and intervening plaintiffs appeal. Reversed and remanded.

*Pence, Rogers, Carlson & Flynn,* for plaintiff Mary Phelps.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *Ronald C. Winiemko,* of counsel), for plaintiffs McCullagh Leasing, Inc., Madison Electric Co. and Dennis M. Durocher.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for the Department of State Highways.

Before: DANHOF, C. J., and T. M. BURNS and J. E. McDONALD,* JJ.

DANHOF, C. J. On July 18,. 1974, plaintiff Mary Phelps brought suit in the Court of Claims individually, as administratrix of the estates of her deceased husband and children, and as next friend of her surviving child. Plaintiff sought to recover damages for injuries sustained by her and her surviving child, and for the wrongful deaths of her

---

* Circuit judge, sitting on the Court of Appeals by assignment.

husband and children, in a collision that occurred on a state trunk line highway on July 18, 1972, allegedly as a result of a defective condition of the highway. Dennis Durocher, McCullagh Leasing, Inc., and Madison Electric Company, the driver, owner, and lessee, respectively, of the other car involved in the collision, intervened as plaintiffs, seeking contribution from the state in the event they were held liable for damages in a separate negligence action previously instituted by plaintiff in Wayne County Circuit Court. Plaintiff appeals by right from an order entered March 23, 1976, granting accelerated judgment against her individually, as administratrix, and as next friend and from an order entered June 18, 1976, granting summary judgment against her as administratrix. Intervening plaintiffs appeal by right from an order entered March 23, 1976, granting summary judgment for defendants on the claim for contribution.

In *Hobbs v Department of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), the Supreme Court held that a claim practically identical to plaintiff's in this case was governed by MCLA 691.1402; MSA 3.996(102), which permits recovery against a governmental agency for bodily injury sustained by reason of such agency's failure to keep any highway under its jurisdiction in reasonable repair, and in a condition reasonably safe and fit for travel. Accordingly, the Court held that the two-year statute of limitations contained in MCLA 691.1411(2); MSA 3.996(111)(2) and the 120-day notice provision of MCLA 691.1404; MSA 3.996 (104) applied to claims arising under MCLA 691.1402; MSA 3.996 (102). The Court further held that, absent a showing of actual prejudice to the state due to lack of notice within 120 days, the

notice provision contained in MCLA 691.1404; MSA 3.996(104) is not a bar to claims filed pursuant to MCLA 691.1402; MSA 3.996(102). The instant case is very similar, both factually and procedurally, to *Hobbs,* and the trial judge made no finding of actual prejudice to the state resulting from plaintiff's failure to comply with the 120-day notice provision. Accordingly, we reverse the accelerated judgment entered against plaintiff individually, as administratrix, and as next friend for failure to comply with the 120-day notice provision.

The trial judge concluded that in enacting MCLA 691.1402; MSA 3.996(102), which permits recovery only for "bodily injury" or "damage to property", the Legislature had manifested an intent not to waive its immunity to suits for wrongful death. This conclusion was reinforced by the wrongful death statute's clear distinction between actions for death or injuries and actions for injuries resulting in death, MCLA 600.2922; MSA 27A.2922, and by MCLA 691.1407; MSA 3.996(107), which states that "Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is hereby affirmed". We recognize that statutory waivers of immunity must be strictly construed, *Stremler v Department of State Highways,* 58 Mich App 620, 633; 228 NW2d 492 (1975), but such statutes must not be interpreted in a manner that leads to absurd results. *Bofysil v Department of State Highways,* 44 Mich App 118, 128–129; 205 NW2d 222 (1972). As the trial judge himself noted in his opinion, it is absurd to say that one who dies as a result of injuries sustained in an automobile accident has not suffered bodily injury.

Even assuming that judicial interpretation of the phrase "bodily injury" is required, however, defendant's contention that it does not encompass injuries resulting in death comes late in the day. Numerous death actions have been maintained under MCLA 691.1402; MSA 3.996(102) in which the precise question was not raised. See, *e.g.,* *Hobbs v Department of State Highways, supra, Kerkstra v State Highway Department,* 60 Mich App 761; 231 NW2d 521 (1975), *Zimmer v State Highway Department,* 60 Mich App 769; 231 NW2d 519 (1975), *Detroit Bank and Trust Co v Department of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974), *In re Woods Estate,* 49 Mich App 412; 212 NW2d 240 (1973). Although the question was not squarely before it, in *Hobbs v Michigan State Highway Department,* 58 Mich App 189, 193; 227 NW2d 286 (1975), this Court said:

"Plaintiff's decedent clearly was a 'person sustaining bodily injury or damage to his property'. The question whether his death was due to defendant's negligent failure to keep 'any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel', is of course one of fact, to be determined by the trier of fact at a later stage in these proceedings. [Footnote omitted] More important for our purposes here, plaintiff-appellant Hobbs has clearly pled sufficient facts to bring her claim under § 2."

As enunciated by the Legislature, it is the public policy of this state to permit persons sustaining bodily injury as a result of the negligence of the State Highway Department to sue the state. We perceive no reason, nor any legislative intent, to distinguish between persons who sustain bodily injury and persons who sustain such serious bodily

injury that they are killed. Accordingly, on grounds of public policy and common sense, we hold that the phrase "bodily injury" in MCLA 691.1402; MSA 3.996(102) includes bodily injuries resulting in death. The trial court's summary judgment against plaintiff as administratrix of the estates of her husband and children is reversed.

In view of our disposition of plaintiffs' claims, we reverse the trial court's summary judgment dismissing intervening plaintiffs' claim for contribution. Although we express no opinion at this juncture on the merits of this claim, we invite the trial judge to consider it in light of the general principles set forth in *United States v Yellow Cab Co,* 340 US 543; 71 S Ct 399; 95 L Ed 523 (1951).

Reversed and remanded for further proceedings consistent with this opinion. No costs, a public question being involved.