PAGANO v DEPARTMENT OF STATE HIGHWAYS

1. HIGHWAYS—HIGHWAY REPAIR—GOVERNMENTAL IMMUNITY—BODILY
   INJURY—DEATH—STATUTES.

   Persons sustaining bodily injuries, including bodily injuries re-
   sulting in death, may sue the State Highway Department for
   negligence in failing to keep highways under its jurisdiction in
   reasonable repair and in a condition safe and fit for travel; the
   phrase "bodily injury" contained in the statute which provides
   an exception to governmental immunity for such suits includes
   bodily injuries resulting in death (MCLA 691.1402; MSA
   3.996[102]).

2. ACTION—WRONGFUL DEATH—PERSONAL REPRESENTATIVES—DECE-
   DENTS—HIGHWAYS—GOVERNMENTAL IMMUNITY—EXCEPTIONS—
   STATUTES.

   The wrongful death act permits a personal representative to
   pursue a cause of action if the decedent could have brought suit
   if he or she had lived; therefore, a personal representative may
   bring a wrongful death action against the state for the failure
   to keep a highway in reasonable repair and in a condition safe
   and fit for travel where the decedent would have been allowed
   to bring such action if he or she had lived (MCLA 600.2922,
   691.1402; MSA 27A.2922, 3.996[102]).

3. ACTION—WRONGFUL DEATH—HIGHWAYS—INJURIES ON HIGHWAYS—
   STATUTES.

   The wrongful death act does not create a substantive cause of
   action differing from that permitted by the highway liability
   statute for injuries resulting from the failure to keep a high-
   way in reasonable repair and in a condition safe and fit for
   travel (MCLA 600.2922, 691.1402; MSA 27A.2922, 3.996[102]).

4. PLEADING—GOVERNMENTAL IMMUNITY—COMPLAINTS—RESPONSIVE
   PLEADINGS.

   Needless litigation may be avoided in a case where the defense of

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets and Bridges § 380.
[2] 22 Am Jur 2d, Death § 194.
[3] 22 Am Jur 2d, Death § 18.
[4] 61 Am Jur 2d, Pleading §§ 187, 188.

governmental immunity may be appropriate if counsel for plaintiffs will set forth facts in their complaint which specifically avoid governmental immunity and if counsel for governmental agencies will raise immunity as a defense in their first responsive pleading.

Appeal from Court of Claims, Edward J. Gallagher, J. Submitted May 10, 1977, at Lansing. (Docket No. 28857.) Decided July 6, 1977. Defendant's application for rehearing denied.

Complaint in the Court of Claims by Barbara A. Pagano, administratrix of the estates of Robert Ireland, deceased, and Genevieve Ireland, deceased, against the Michigan State Highway Department for injuries resulting in the deaths of Robert and Genevieve Ireland. Plaintiff also brought suit in Macomb County Circuit Court against the highway department and individual defendants Ridgecroft Homes, Inc., and Anthony J. Buffa. By order of the Court of Claims Ridgecroft Homes, Inc., and Anthony J. Buffa were added as third-party defendants. The two actions were then consolidated to be tried by the circuit court judge sitting both as a judge of the Court of Claims and as the circuit court judge. Summary judgment was granted to the highway department. Plaintiff appeals. Reversed and remanded.

*Towner, Rosin, York & McNamara, P. C.,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso* and *Myron A. McMillan,* Assistants Attorney General, for defendant.

Before: M. J. KELLY, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

ALLEN, J. Plaintiff, as administratrix of her parents' estate, filed a complaint in the Court of Claims against defendant-appellee for injuries resulting in the death of her father and mother, who were injured and died April 15, 1973, as a result of an accident on M-53 in Sanilac County. On that date at about 10:15 a.m. plaintiff's decedents Robert and Genevieve Ireland were driver and passenger in an automobile traveling north on M-53. At the same time, third-party defendant Anthony J. Buffa was driving a Chevrolet dump truck owned by third-party defendant Ridgecroft Homes, Inc., south on M-53. Attached to the dump truck was a low-boy trailer loaded with a diesel bulldozer. As the two vehicles approached one another the trailer disengaged itself from the Chevrolet truck, crossed the center line of M-53 and struck the vehicle in which plaintiff's parents were riding.

Plaintiff's complaint, filed pursuant to the wrongful death act, MCLA 600.2922; MSA 27A.2922, alleges that the proximate cause of the accident was the dangerous condition of highway M-53 which contained "many holes, defects and depressions" for which the state was liable under an exception to the governmental immunity statute contained in MCLA 691.1402; MSA 3.996(102).[1] Defendant Michigan State Highway Department's answer, its first responsive pleading filed March 4, 1974, did not raise governmental immunity as a defense, but denied that M-53 was unsafe and unfit for use, and alleged as an affirmative defense that

---

[1] "Sec. 2. Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. Any person *sustaining bodily injury* or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency." (Emphasis supplied.)

the accident was caused by a defective trailer hitch. A separate suit against Ridgecroft Homes, Inc., and Anthony J. Buffa filed in the circuit court for Macomb County was, upon order of the Court of Claims, consolidated into one action to be tried by Circuit Judge Edward J. Gallagher sitting both as Macomb County circuit judge and as judge of the Court of Claims. Following consolidation of the respective cases, defendant-appellee moved for summary judgment pursuant to GCR 1963, 117.2(1) on the dual but related grounds that (1) although MCLA 691.1402; MSA 3.996(102) provides for recovery for bodily injury caused by defective highways, said waiver of immunity does not provide for recovery for injuries resulting in death, and (2) the complaint is a claim for wrongful death maintainable only pursuant to the wrongful death act which permits recovery for derivative damages, *viz:* loss of support by the next of kin, but MCLA 691.1402, cited *supra,* does not refer to derivative damages. On January 29, 1976, the trial court granted the motion for summary judgment, and plaintiff appeals.

The first of the above two grounds assigned by defendant in support of the grant of summary judgment was raised and squarely rejected by this Court in the recent case *Phelps v Department of State Highways,* 75 Mich App 442; 254 NW2d 923 (1977). In that case, as in the case before us, the plaintiff brought suit in the Court of Claims for the wrongful death of other family members allegedly caused by a defective condition in the highway.[2] There, as in the case before us, the trial

---

[2] In *Phelps,* plaintiff also sued for personal injuries sustained by herself and a surviving fourth child. Defendants moved for summary judgment against Mrs. Phelps' claim as administratrix, contending that liability ended with bodily injury and did not include actions for wrongful death.

court concluded that MCLA 691.1402; MSA 3.996(102) allowed recovery only for bodily injury and did not abrogate immunity to suits for wrongful death. Our Court, after first noting that defendants' motion was a Johnny-come-lately type defense,[3] proceeded to reverse, saying:

"As enunciated by the Legislature, it is the public policy of this state to permit persons sustaining bodily injury as a result of the negligence of the State Highway Department to sue the state. We perceive no reason, nor any legislative intent, to distinguish between persons who sustain bodily injury and persons who sustain such serious bodily injury that they are killed. Accordingly, on grounds of public policy and common sense, we hold that the phrase 'bodily injury' in MCLA 691.1402; MSA 3.996(102) includes bodily injuries resulting in death. The trial court's summary judgment against plaintiff as administratrix of the estates of her husband and children is reversed."

At oral argument the assistant attorney general argued that the opinion in *Phelps* only addressed the first of the two grounds relied upon by defendant in support of the motion for summary judgment. Expanding upon this point, he concedes that death may result from injury, but argues that since the wrongful death statute, MCLA 600.2922(1); MSA 27A.2922(1), provides that "All actions for such death, or injuries resulting in death, shall be brought *only* under this section"[4] and since said statute permits recovery of deriva-

---

[3] Numerous death actions have been maintained under MCLA 691.1402; MSA 3.996(102) where this precise defense was not raised. *Hobbs v Department of State Highways,* 398 Mich 90; 247 NW2d 754 (1976), *Kerkstra v State Highway Department,* 60 Mich App 761; 231 NW2d 521 (1975), *Detroit Bank & Trust Co v Department of State Highways,* 55 Mich App 131; 222 NW2d 59 (1974), *In re Woods Estate,* 49 Mich App 412; 212 NW2d 240 (1973).

[4] MCLA 600.2922; MSA 27A.2922.

tive damages suffered by third persons as compared to MCLA 691.1402; MSA 3.996(102) which only waives immunity for damages "suffered *by him*" (emphasis supplied), waiver of immunity for third party claimants was not intended by the Legislature. This second argument, says defendant, was not per se addressed by the *Phelps* Court. We are not persuaded.

MCLA 600.2922; MSA 27A.2922 permits a personal representative to pursue a cause of action if the decedent could have brought suit if he or she had lived. Since MCLA 691.1402; MSA 3.996(102) would have permitted plaintiff's decedents to pursue a claim for bodily injury and property damage had they lived, MCLA 600.2922; MSA 27A.2922 permits plaintiff, as their personal representative, to do so. Defendant's argument for a contrary result has been considered and rejected by the courts of this state. *McCaul v County of Kent,* 231 Mich 681, 682–684, 686; 204 NW 756 (1925), *Racho v Detroit,* 90 Mich 92, 96; 51 NW 360 (1892), *Merkle v Township of Bennington,* 58 Mich 156, 158; 24 NW 776 (1885). Defendant relies on the language of the wrongful death statute that "All actions for such death, or injuries resulting in death, shall be brought only under this section", MCLA 600.2922(1); MSA 27A.2922(1). This language was intended to clarify law concerning survival actions and wrongful death actions and to make it clear that only one such action could be brought. See *In re Olney's Estate,* 309 Mich 65, 76; 14 NW2d 574 (1944). We therefore hold, that the language in the wrongful death statute does not create a substantive cause of action differing from that permitted by the highway liability statute, MCLA 691.1402; MSA 3.996(102).

Our conclusion that plaintiff may pursue her

claims as made in the Court of Claims and that the grant of summary judgment in favor of defendant-appellee should be reversed, makes it unnecessary to address two other issues raised by plaintiff upon appeal.[5] However, in the interest of alerting the bar to the problem, we gratuitously comment on plaintiff's claim that the motion for summary judgment was not the proper method to raise the defense of governmental immunity. The underlying question is whether governmental immunity should be viewed as an affirmative defense or whether (lack of) governmental immunity is an element of a cause of action which must be pleaded in the complaint. If the first view is correct, then the issue should be resolved via a motion for accelerated judgment under GCR 1963, 116.1(5); if the second is correct, the appropriate vehicle is a motion for summary judgment under GCR 1963, 117.2(1). Authority for both positions is collected in *Bush v Oscoda Area Schools,* 72 Mich App 670; 250 NW2d 759 (1976) (opinion of W. R. PETERSON, J.).

On this issue, the law is currently in flux. In *Robinson v Emmet County Road Commission,* 72 Mich App 623; 251 NW2d 90 (1976), this Court held that a motion for accelerated judgment under GCR 1963, 116.1(5) is the sole mechanism by which governmental immunity may be tested. Similar holdings are found in *Van Liere v State Highway Department,* 59 Mich App 133, 136 fn 1; 229 NW2d 369 (1975), and many other cases.

On the other hand, recent statements by two members of the Supreme Court have led this

---

[5] (1) The governmental immunity statute, MCLA 691.1407; MSA 3.996(107), is unconstitutional; (2) The trial court erred in considering the motion for summary judgment since that defense was not raised in a motion for accelerated judgment nor in the first responsive pleading and was therefore waived.

Court on two recent occasions to hold that a motion for summary judgment is the appropriate method for resolving an immunity question. *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976) (opinion of RYAN, J.), *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (opinion of WILLIAMS, J.), *White v Detroit,* 74 Mich App 545; 254 NW2d 572 (1977), *Butler v Wayne County Sheriff's Department,* 75 Mich App 202; 255 NW2d 7 (1977). But at least one other member of the Supreme Court would hold that accelerated judgment is the correct motion, even though she agrees that lack of governmental immunity is an element of the cause of action which must be pleaded by the plaintiff. *Galli v Kirkeby, supra* (opinion of COLEMAN, J.). The other four members of the Supreme Court have not spoken on this issue. See also this Court's holding in *Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977), that GCR 1963, 116.1(5) defenses are limited to the disabilities of infancy, insanity, or of incompetency. That holding strongly suggests that summary judgment rather than accelerated judgment is the proper method to test an immunity claim. We do not decide the issue, but suggest that until the matter is finally resolved, needless litigation will be avoided if counsel for plaintiffs will set forth facts in the complaint which specifically avoid immunity, and if counsel for governmental agencies will raise immunity as a defense in their first responsive pleading.

Reversed and remanded in accordance with this opinion. No costs.