ENDYKIEWICZ v STATE HIGHWAY COMMISSION

Docket No. 47277. Submitted December 2, 1980, at Lansing.—Decided January 6, 1981. Leave to appeal applied for.

Wilma J. Endykiewicz, as administratrix of the estate of Thomas C. Endykiewicz, deceased, brought an action in the Court of Claims, against the State Highway Commission, seeking damages resulting from decedent's death following an automobile accident including loss of love, companionship, care, comfort, protection, counsel, support, and society. Defendant moved for partial summary judgment, seeking to strike plaintiff's claim for derivative damages. James G. Fleming, J., granted defendant's motion. Plaintiff appeals by leave granted, alleging that Michigan's wrongful death act, when read in conjunction with the statutory negligent maintenance of highways exception to the general rule of governmental immunity, creates a right to maintain an action for derivative damages. *Held:*

The trial court properly granted defendant's motion. A strict construction of the statutory negligent maintenance of highways exception to the general rule of governmental immunity indicates that there is no provision which would permit recovery for derivative damages.

Affirmed.

1. GOVERNMENTAL IMMUNITY — LIABILITY OF STATE — NEGLIGENCE — STATUTES.

The liability of the State of Michigan for negligence is defined

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 24 *et seq.,* 70.

[2, 4] 39 Am Jur 2d, Highways, Streets, and Bridges § 103 *et seq.*

    57 Am Jur 2d, Municipal, School, and State Tort Liability § 62.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 65.

[5] 22 Am Jur 2d, Death §§ 135, 267.

    41 Am Jur 2d, Husband and Wife § 447 *et seq.*

[6] 39 Am Jur 2d, Highways, Streets, and Bridges § 337.

[7] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 70.

    73 Am Jur 2d, Statutes §§ 274, 430.

and limited by statute which is to be strictly construed (MCL 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

2. GOVERNMENTAL IMMUNITY — NEGLIGENCE — HIGHWAYS — STATUTES.

The assumption of liability by the State of Michigan for negligent maintenance of highways is an express exception to its statutory general governmental immunity (MCL 691.1402, 691.1407; MSA 3.996[102], 3.996[107]).

3. GOVERNMENTAL IMMUNITY — CONDITIONS OF LIABILITY — LEGISLATIVE FUNCTIONS — JUDICIAL FUNCTIONS.

The conditions under which the State of Michigan will be liable for negligence are questions for the Legislature, and it is not the proper function of the courts to limit or enlarge clear statutory provisions by construction.

4. GOVERNMENTAL IMMUNITY — FAILURE TO MAINTAIN HIGHWAYS — DAMAGES — STATUTES.

Recovery is allowed by statute for bodily injury or property damage resulting from failure by a governmental agency to maintain any highway within its jurisdiction, but no statutory provision permits recovery for the resultant loss of companionship or services of a deceased spouse (MCL 691.1402; MSA 3.996[102]).

5. ACTIONS — WRONGFUL DEATH — DAMAGES — STATUTES.

The amount of damages recoverable for death caused by a wrongful act, neglect, or fault of another may include recovery for the loss of society and companionship of the deceased (MCL 600.2922; MSA 27A.2922).

6. GOVERNMENTAL IMMUNITY — NEGLIGENT MAINTENANCE OF HIGHWAYS — WORDS AND PHRASES — ACTIONS — STATUTES.

The phrase "bodily injury", as used in the statutory negligent maintenance of highways exception to the general rule of governmental immunity, includes injuries resulting in death, and an action based on such injuries may be maintained by the administrator of the estate of a deceased (MCL 691.1402, 691.1407; MSA 3.996[102], 3.996[107]).

7. GOVERNMENTAL IMMUNITY — STATUTES — CONSTRUCTION.

A statute in derogation of governmental immunity should be strictly construed.

*Kutinsky, Davey & Solomon,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Carl K. Carlsen* and *William H. Schwan,* Assistants Attorney General, for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and MACKENZIE, JJ.

DANHOF, C.J. Plaintiff appeals by leave granted from a July 12, 1977, order granting defendant partial summary judgment. The Court of Claims ruled that the statute allowing suit for negligent maintenance of highways, MCL 691.1402; MSA 3.996(102), did not grant the right to sue for derivative damages.

Thomas Endykiewicz was killed when another automobile jumped the center guardrail on the Southfield freeway in Detroit and struck his vehicle head-on. He is survived by his wife, Wilma Jean, and two minor children.

On July 11, 1975, Wilma Jean Endykiewicz, as administratrix of her deceased husband's estate, filed a complaint in the Court of Claims seeking damages resulting from the deceased's death, including the loss of his love, companionship, care, comfort, protection, counsel, support, and society.

On November 7, 1977, defendant moved for partial summary judgment, seeking to strike the claim as to loss of love, companionship, etc. The court granted the motion on July 12, 1979.

On appeal, plaintiff argues that Michigan's wrongful death act, MCL 600.2922; MSA 27A.2922, in conjunction with the above statute, creates a right to sue for derivative damages.

MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* defines and limits the liability of the state for its negligence. When passed, the statute was in dero-

gation of the common law of governmental immunity and, as such, was strictly construed. *Johnson v State of Michigan,* 32 Mich App 37, 39; 188 NW2d 33 (1971). While common law governmental immunity has since been abolished, *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), the general rule of governmental immunity remains established by statute. MCL 691.1407; MSA 3.996(107).

The state has, however, assumed liability for negligent maintenance of highways. MCL 691.1402; MSA 3.996(102). The state's liability for such negligence is an express exception to the general immunity scheme. The conditions of the state's liability are questions for the Legislature, and it is not the proper function of the courts to limit or to enlarge clear statutory provisions by construction. *Peters v Dep't of State Highways,* 400 Mich 50, 57; 252 NW2d 799 (1977).

MCL 691.1402; MSA 3.996(102) provides, in pertinent part:

"Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. *Any person sustaining bodily injury or damage to his property* by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, *may recover the damages suffered by him* from such governmental agency." (Emphasis added.)

A close examination of this provision clearly indicates that recovery is allowed for bodily injury or for property damage; no provision in the statute permits recovery for loss of companionship or services of a deceased spouse.

Plaintiff is attempting to expand the scope of recovery set out in this statute by applying the provisions of the wrongful death statute, which explicitly permits recovery for loss of companionship and society: "The amount of damages recoverable by civil action for death caused by the wrongful act, neglect or fault of another may also include recovery for the loss of the society and companionship of the deceased." MCL 600.2922; MSA 27A.2922.

Plaintiff relies on *Pagano v Dep't of State Highways,* 76 Mich App 569, 574; 257 NW2d 172 (1977). In *Pagano,* it was argued that the statute waived immunity for damages "suffered by him" but did not waive immunity for third party claimants when the injured person died. This Court rejected this claim saying "Since MCL 691.1402; MSA 3.996(102) would have permitted plaintiff's decedents to pursue a claim for bodily injury and property damage had they lived, MCL 600.2922; MSA 27A.2922 permits plaintiff, as their personal representative, to do so." This would seem to support plaintiff's argument that the wrongful death provisions can be read into MCL 691.1402; MSA 3.996(102). However, the panel went on to say: "the language in the wrongful death statute does not create a substantive cause of action differing from that permitted by the highway liability statute * * *." Acceptance of plaintiff's argument would create a different substantive cause of action. Thus, we conclude that *Pagano* does not support plaintiff's position. We further note that the *Pagano* panel need not have resorted to the wrongful death statute to support survivability of a highway liability cause of action because in *Phelps v Dep't of State Highways,* 75 Mich App 442; 254 NW2d 923 (1977), this Court held, on

grounds of public policy and common sense, that the phrase "bodily injury" in MCL 691.1402; MSA 3.996(102) includes injuries resulting in death and recognized that an administratrix could maintain such an action.

In *Salvati v Dep't of State Highways,* 92 Mich App 452; 285 NW2d 326 (1979), a panel of this Court affirmed a verdict based on the wrongful death act and the highway liability statute. The majority adopted the trial court's opinion as part of its own and underscored certain portions. These portions appear to indicate that the panel agreed with the trial court that loss of support, society, and companionship are recoverable as damages. However, the panel did not indicate whether that issue was raised on the appeal or entered into their decision.

We hold that damages for loss of society and companionship are not recoverable under MCL 691.1402; MSA 3.996(102). This is consistent with the principle that a statute in derogation of governmental immunity is strictly construed and avoids the pitfall of enlarging a clear statutory provision by construction.

We conclude that the trial court did not err in granting partial summary judgment to defendant.

Affirmed. No costs, a public question involved.