ENDYKIEWICZ v STATE HIGHWAY COMMISSION

Docket No. 66488. Argued January 6, 1982 (Calendar No. 11).—Decided October 5, 1982.

Wilma J. Endykiewicz, as administratrix of the estate of Thomas C. Endykiewicz, deceased, brought an action in the Court of Claims against the State Highway Commission, alleging that the defendant had breached its duty to maintain the Southfield Expressway in a condition reasonably safe and fit for public travel and seeking damages, including damages for loss of society and companionship, for the wrongful death of Thomas C. Endykiewicz as a result of an automobile accident on the expressway. The accident occurred when a vehicle crashed through the expressway's median guardrail and collided with Mr. Endykiewicz's truck. The defendant moved for summary judgment on the ground that its tort liability was limited by statute to damages for bodily injury and property damage suffered by an injured person, and did not extend to damages for loss of society and companionship. The Court of Claims, James G. Fleming, J., granted the motion with respect to the plaintiff's claim for the loss of society and companionship. The Court of Appeals, Danhof, C.J., and M. F. Cavanagh and MacKenzie, JJ., affirmed (Docket No. 47277). The plaintiff appeals.

In a unanimous opinion by Chief Justice Coleman, the Supreme Court *held:*

The State Highway Commission is liable for damages for loss of society and companionship in a wrongful death action arising out of the failure of the commission to maintain a highway in a condition reasonably safe and fit for public travel.

1. The highway liability statute provides that a person who sustains bodily injury or property damage by reason of the failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover damages from the agency. The wrongful death act provides for recovery of damages from

REFERENCES FOR POINTS IN HEADNOTES

[1-5] 22 Am Jur 2d, Death §§ 121, 123, 126, 135.

56 Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 733, 734.

a tortfeasor for the wrongful death of a person, expressly including damages for the loss of society and companionship of the deceased.

2. The highway liability statute is sufficiently unclear as to require interpretation with respect to whether recovery may be had for damages arising as a direct consequence of an injury inflicted because of a highway defect which are expressly compensable under the wrongful death act. A construction of the highway liability statute which would limit the class of persons who might seek recovery to those who actually sustain bodily injury would exclude a plaintiff in a wrongful death action. The statute is not a limitation on recovery; rather, it is an expansive provision defining the liability of a government agency. The Legislature intended that persons damaged because of defective highways could obtain redress from the responsible governmental agency. Had the Legislature intended to prohibit recovery of consequential and incidental damages arising directly from the infliction of injury to person or property by the government, it would have affirmatively done so with specific language and express words of limitation.

3. The wrongful death act is the sole vehicle for recovery of damages against a tortfeasor for injuries resulting in death. The act may be applied to permit recovery of damages from the state where a death occurs as a result of a highway defect, identifying a person suffering damages as a result of the death as the functional equivalent of the person who has suffered bodily injury. In an action against a private tortfeasor, a wrongful death beneficiary would be entitled to recover damages for the loss of society and companionship of the decedent.

4. Although some of the damages permitted under the wrongful death act are not damages suffered by the person who is actually injured, they are damages which arise as a direct consequence of the bodily injury of the decedent and are suffered or sustained by a wrongful death beneficiary. This exclusive remedy, which recognizes an enlargement of damages occasioned by death, must be applied in its entirety. The highway liability and wrongful death statutes must be read together so as to give a harmonious and reasonable effect. Given the unique status of a person who has not suffered actual bodily injury, but who nevertheless has the right to maintain an action to remedy wrongs occasioned by highway defects, it is reasonable to permit recovery for damages authorized by the wrongful death act, including damages for the loss of society and companionship of a decedent. The Legislature may be presumed to have had knowledge of the highway liability

statute and to have acted consonantly with it when it amended the wrongful death act to include damages for loss of society and companionship.

Reversed and remanded.

102 Mich App 662; 302 NW2d 271 (1981) reversed.

1. HIGHWAYS — MAINTENANCE — NEGLIGENCE — WRONGFUL DEATH.

A governmental agency which fails to maintain a highway within its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel is liable for damages arising out of a wrongful death caused by the failure, including damages for the loss of society and companionship of the decedent (MCL 600.2922, 691.1402; MSA 27A.2922, 3.996[102]).

2. HIGHWAYS — MAINTENANCE — NEGLIGENCE — WRONGFUL DEATH.

The liability of a governmental agency for failure to maintain a highway within its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel is not expressly limited to damages for bodily injury and property damage directly resulting from the failure; the language of the statute allows a construction which permits recovery for consequential damages which arise out of the wrongful death of a person injured because of the failure and are expressly compensable under the wrongful death act, including damages for the loss of society and companionship of the decedent (MCL 600.2922, 691.1402; MSA 27A.2922, 3.996[102]).

3. HIGHWAYS — MAINTENANCE — NEGLIGENCE.

The highway liability statute was not intended to be a limitation on recovery for damages resulting from the failure of a governmental agency to maintain a highway within its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel; rather, it is an expansive provision defining the liability of such an agency (MCL 691.1402; MSA 3.996[102]).

4. HIGHWAYS — MAINTENANCE — NEGLIGENCE — WRONGFUL DEATH.

The wrongful death act is the sole vehicle for recovery of damages for injuries resulting in death and may be applied to permit recovery of damages from a governmental agency where a death occurs as a result of a failure of the agency to maintain a highway within its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel (MCL 600.2922, 691.1402; MSA 27A.2922, 3.996[102]).

5. HIGHWAYS — MAINTENANCE — NEGLIGENCE — WRONGFUL DEATH.

The highway liability and wrongful death statutes must be read

and applied together in an action for wrongful death resulting from the failure of a governmental agency to maintain a highway within its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel so as to provide a harmonious and reasonable effect (MCL 600.2922, 691.1402; MSA 27A.2922, 3.996[102]).

*Kutinsky, Davey & Solomon* (by *Sheila Solomon)* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Clive D. Gemmill,* Assistants Attorney General, for defendant.

COLEMAN, C.J. In this case, we are asked to decide whether the state is liable to a decedent's personal representative under the wrongful death act for damages for loss of companionship and society in an action which alleges that the state has breached its duty to maintain a highway so that it is reasonably safe for public travel. We hold that the state is liable for such damages, if proved. Accordingly, we reverse the trial court's grant of defendant's motion for summary judgment with regard to plaintiff's claim for damages for loss of companionship and society.

I

On July 13, 1973, plaintiff's decedent, Thomas Endykiewicz, sustained fatal injuries when the panel truck he was driving collided with another vehicle on the Southfield Expressway. The other vehicle had traveled through a guardrail which was situated on the median dividing the northbound and southbound lanes of the expressway.

Thomas Endykiewicz was survived by his wife,

Wilma Jean, and two minor children.[1] In her capacity as the administratrix of the decedent's estate, Wilma Jean Endykiewicz filed suit in the Court of Claims on July 11, 1975, against defendant State Highway Commission. Her complaint alleged that defendant had breached its statutory duty to maintain its highways in a condition reasonably fit for travel, and requested damages for decedent's pain and suffering, necessary and reasonable funeral, medical and burial expenses, loss of decedent's wages, and loss of decedent's companionship and society.

In the Court of Claims, defendant moved for summary judgment, alleging that the statute which imposes liability for defective highways upon the state represents only a limited waiver of tort liability, and does not permit an award of damages beyond those expressly stated for bodily injury and property damage suffered by the injured person. The trial court granted summary judgment to defendant with respect to plaintiff's claim for loss of companionship and society. The Court of Appeals affirmed, 102 Mich App 662; 302 NW2d 271 (1981). This Court granted leave to appeal, 411 Mich 1035 (1981).

II

The sole issue presented by this case is whether plaintiff may recover from the state, under applicable provisions of the wrongful death act, damages for the loss of decedent's companionship and society, in view of MCL 691.1402; MSA 3.996(102), which appears to restrict governmental tort liabil-

[1] Decedent's wife and children were not involved in the accident.

ity for highway defects to bodily injury and property damage suffered by an injured person.

The highway liability statute, MCL 691.1402; MSA 3.996(102) imposes upon "[e]ach governmental agency having jurisdiction over any highway" the duty to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel". The statute further provides, in pertinent part, for governmental liability on account of highway defects:

"Any person sustaining bodily injury or damage to his property by reason of failure of any governmental agency to keep any highway under its jurisdiction in reasonable repair, and in condition reasonably safe and fit for travel, may recover the damages suffered by him from such governmental agency."

It is the above-quoted language which has provoked the controversy which arises in this case.

In juxtaposition to the highway liability statute in this case is the wrongful death act, MCL 600.2922; MSA 27A.2922, which exists as the sole vehicle for the recovery of damages occasioned by death.[2] Among the damages which may be recovered from a tortfeasor for the wrongful death of a deceased person are damages "for the loss of the society and companionship of the deceased". MCL 600.2922(2); MSA 27A.2922(2).[3] Although defendant concedes the general applicability of the

[2] "All actions for such death, or injuries resulting in death, shall be brought only under this section." MCL 600.2922(1); MSA 27A.2922(1).

[3] In 1971, the Legislature amended the wrongful death act to include damages for loss of companionship and society among the damages recoverable for wrongful death; see 1971 PA 65. In *Smith v Detroit,* 388 Mich 637; 202 NW2d 300 (1972), the Court overruled its decision in *Breckon v Franklin Fuel Co,* 383 Mich 251; 174 NW2d 836 (1970), which had held that these damages are not available in wrongful death actions.

wrongful death act as a method for the recovery of damages from the state by reason of highway defects when death has occurred,[4] it asserts that the wrongful death act in its entirety, *i.e.,* with respect to elements of damages, need not be super-imposed upon the highway liability act in case of death.

Plaintiff's position is that damages for loss of companionship and society as provided for by the wrongful death act are fully recoverable from the state. The objective of the highway liability statute is to place the government on an equal footing with private tortfeasors. Because a private tortfeasor would have been liable for these damages for the infliction of injuries resulting in death, so too should the state be held liable. Although the Court of Appeals found that the highway liability statute should be strictly construed because it is in deroga-tion of the common law, this rationale is faulty because Michigan has abrogated common-law gov-ernmental immunity; see *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976).

Defendant responds that the state has given its consent to be sued only under the terms of MCL 691.1402; MSA 3.996(102). The damages recover-able under this statute are said to be limited to those "suffered by" the person who directly sus-tained bodily injury, in this case, the decedent. Damages for loss of decedent's companionship and society do not fall within the category of damages "suffered by" the injured person and therefore are not recoverable from the state under its limited waiver of tort immunity, according to defendant. Also, defendant posits that the highway liability

[4] See *Pagano v Dep't of State Highways,* 76 Mich App 569; 257 NW2d 172 (1977); *Phelps v Dep't of State Highways,* 75 Mich App 442; 254 NW2d 923 (1977); *McCaul v Kent County,* 231 Mich 681; 204 NW 756 (1925).

statute is not subject to judicial interpretation because its restrictive language is clear and unambiguous. Pursuing a different tack, defendant agrees with the Court of Appeals that the language of this statute must be strictly construed. Courts should defer to the Legislature's intent to confine narrowly the state's tort liability in highway defect cases. Accordingly, plaintiff may not pursue her claim for damages for loss of decedent's companionship and society.

We find the interpretation of MCL 691.1402; MSA 3.996(102) urged by defendant to be unduly restrictive. Our conclusion, that damages for loss of companionship and society may be recovered in this case and in similar cases, is derived from application of accepted principles of statutory interpretation, identification and analysis of the policies which might be enhanced by preserving statutory tort immunity with reference to these damages, and consideration of supportive case law.

### III

The parties focus much of their attention on established rules of statutory construction. We agree that these rules lend assistance to the resolution of the case before us, although the rules which we deem pertinent are not necessarily those upon which the parties have placed heavy reliance.

Essentially, the rules of interpretation we address are so familiar and so firmly rooted in our jurisprudence that they require no citation: (1) only ambiguous statutes may be the subject of interpretive scrutiny by the judiciary; (2) the guiding principle of statutory interpretation is to dis-

cern and give effect to legislative intent; (3) when two statutes address the same person or situation, an attempt should be made to read them harmoniously and to give both statutes a reasonable effect; and (4) the Legislature is presumed to have knowledge of and to act consonantly with existing statutes.

A

The threshold rule, that the language of a statute must be ambiguous before it may be interpreted by the courts, is met in this case. We deem the pertinent language in the highway liability statute, "[a]ny person sustaining bodily injury or damage * * * may recover the damages suffered by him", sufficiently unclear as to require interpretation with respect to whether recovery may be had for damages which arise as a direct consequence of the injury inflicted as a result of a highway defect and which are expressly compensable under the provisions of the wrongful death act. Defendant's argument to the contrary on this point is unpersuasive.

Because the language of the highway liability statute is ambiguous with reference to the facts before us, we proceed to examine the statute to ascertain its meaning.

MCL 691.1402; MSA 3.996(102) provides that *"[a]ny* person sustaining *bodily injury or damage to his property* * * * may recover the damages *suffered by him"* (emphasis added). This language may be viewed from two perspectives: who may recover damages, and what sort of damages may be recovered, in an action against the state for highway defects.

Although the language of MCL 691.1402; MSA 3.996(102), by its terms, does appear to limit the class of persons who might seek recovery to persons who have actually sustained injury to person or property, a restrictive interpretation has not always been accorded this language. One example of a departure from the literal language is significant here. It has been held under predecessor statutes as well as under the present statute that where fatal injuries are sustained by a person as a result of the government's failure to keep its highways fit for travel, his or her personal representative is entitled to maintain a wrongful death action against the governmental agency. *Racho v Detroit,* 90 Mich 92; 51 NW 360 (1892); *McCaul v Kent County,* 231 Mich 681; 204 NW 756 (1925); *Pagano v Dep't of State Highways,* 76 Mich App 569; 257 NW2d 172 (1977); *Phelps v Dep't of State Highways,* 75 Mich App 442; 254 NW2d 923 (1977). In this case, it is unquestioned that plaintiff is able to seek redress against defendant for decedent's death, although plaintiff has not expressly been authorized by the statutory language to maintain her action. Thus, case law has identified this plaintiff as the functional equivalent of the person who has suffered bodily injury or property damage.

Given plaintiff's unique status as one who has not suffered actual injury, but who nevertheless has the right to maintain a suit to remedy wrongs occasioned by highway defects, it is reasonable to permit plaintiff to recover those damages, including damages for loss of companionship and society, which are authorized by the wrongful death act. Although some of the damages permitted for wrongful death are not, in one sense of the phrase, damages suffered by the person who actually was injured (the decedent), they are damages "suf-

fered" or sustained by the individuals for whose benefit the personal representative, the person allowed to bring suit in the place of the decedent, maintains a wrongful death action. Moreover, these damages arise as a direct consequence of the bodily injury for which relief is sought in this case. The decedent (any person) is in no position to collect damages for injuries suffered by him. If the statute is read literally, the state's liability would cease upon a decedent's death. Therefore, it is important to remember that in this case we are not confronted with the highway liability statute in a vacuum. The wrongful death act, which applies *"[w]henever* the death of a person or injuries resulting in death shall be caused by wrongful act * * * and the act * * * is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages", MCL 600.2922(1); MSA 27A.2922(1) (emphasis added), also must be considered. An action for wrongful death exists not as "a cause of action which survives" the decedent, but as "a new action * * * which can be brought, not for the benefit of the estate, but solely for the benefit of the beneficiaries named in the statute". *Lincoln v Detroit & M R Co,* 179 Mich 189, 195-196; 146 NW 405 (1914); see, also, *Maiuri v Sinacola Construction Co,* 382 Mich 391; 170 NW2d 27 (1969). Although the deceased person, had he lived, would have been able to maintain an action for damages for the injuries received, damages different from those which the decedent himself might have received are recoverable in the wrongful death action. *Lincoln, supra.* In addition, the wrongful death act stands as the exclusive remedy for injuries resulting in death, MCL 600.2922(1); MSA 27A.2922(1).

Defendant would have us segregate the proce-

dural aspects of the wrongful death act—those which permit the personal representative to maintain an action to recover for injuries resulting from death—from the substantive portions of the act pertaining to damages. We decline to view the wrongful death provisions in such a bifurcated manner. This exclusive remedy, which recognizes an enlargement of damages occasioned by death, must be applied in its entirety. Thus, once it is recognized that the wrongful death act is the exclusive vehicle for recovery from a governmental agency in the event of death, it is appropriate to conclude that the provision for damages contained in the same act also pertains.

B

A second relevant axiom of statutory interpretation is that, given ambiguous language in a statute, the role of the court is to discover the legislative intent, and to give effect to that intent.

One aspect of the intent of the Legislature in promulgating the highway liability statute is readily discernible. The statute exists to provide an opportunity to obtain redress from the responsible governmental agency for those injured as a result of the negligence of the government in its maintenance of highways. In short, the Legislature has given its consent for persons to sue the state for damages occasioned by defective highways. Here, the wrongful death beneficiaries may have been "wronged" by the injuries which culminated in death. Free allowance of the instant action—including the aspect of this action which demands recovery for loss of companionship and society—

effects the manifest intent of the Legislature to provide a remedy for those wronged by the government's failure to maintain its highways.

Although it is argued that 1964 PA 170, the act of which MCL 691.1402; MSA 3.996(102) is a part, reasonably may be perceived as being indicative of the Legislature's intent to limit, as well as to create, the liability of government, no express words of limitation are evident therein.

In contrast, other specifically worded limitations exist elsewhere in the tort liability statute: *e.g.,* the highway provision states that "liability \* \* \* shall extend only to the improved portion of the highway"; no recovery under the highway provision is permitted for injury or loss suffered before July 1, 1965; and the liability of a governmental agency is further limited by the requirement that the agency have knowledge of the defect, MCL 691.1403; MSA 3.996(103). Thus, plaintiff contends that the Legislature *did* specifically limit the right of an injured person to recover damages from the government. However, we find that MCL 691.1402; MSA 3.996(102) does not exist in whole or in part as a limitation on recovery. It is, instead, an expansive provision defining the liability of a governmental agency.

Had the Legislature intended to prohibit the recovery of consequential or incidental damages which arise directly from the infliction of injury to person or property at the hands of the government, it would have affirmatively done so in specific language, utilizing express words of limitation, much as it did with respect to other restrictions on liability contained in 1964 PA 170.

## C

While observing that the highway liability and wrongful death statutes mesh in this case, we already have touched upon a third tenet of statutory interpretation: that statutes which address the same situation should be read harmoniously and given a concordant and reasonable effect.

This is accomplished in the instant case by permitting recovery for loss of companionship and society in a wrongful death action brought against the state under the consent provided by the highway liability statute. The intents of both statutes in question (one intends to accord a remedy for highway defects, and the other intends to provide broad relief to designated beneficiaries who have sustained a loss as a result of a wrongfully occasioned death) are given full, just, and reasonable effect in this manner.

## D

A relevant, although not determinative, maxim of interpretation is that the Legislature, when enacting a statutory provision, is presumed to have knowledge of existing statutes. In 1971, when the Legislature amended the wrongful death act to include damages for loss of companionship and society,[5] it presumably was aware of the highway liability statute and the necessity for using the wrongful death act as a vehicle for recovery in the event that death ensued from the injuries inflicted. Had the Legislature wished to prohibit the recovery of these particular damages in highway defect cases, it appears that it would have taken specific action to this end sometime after 1971. To date,

[5] See fn 3.

the highway liability statute has not been amended to preclude expressly this sort of recovery.

## IV

Had the decedent in the case at bar met his death at the hands of a private tortfeasor, his personal representative without question would be entitled to recover damages for loss of decedent's companionship and society. Defendant insists that the statutory immunity of government should prevail with respect to these damages, *i.e.,* that the state should not be placed on a footing with private tortfeasors. We look to the policy reasons advanced to justify the immunity of government from tort liability, and proceed to determine whether these policies are well-served by excluding the damages in wrongful death actions brought against the state.

In general, governmental immunity from liability for tort exists in recognition of the possibility that amenability to suit will impede the ability of the government to govern effectively, and will burden the government with costs that it is not prepared to meet without endangering the public fisc. In our view, neither of these policy reasons is jeopardized by permitting this plaintiff to pursue her action for damages for loss of companionship and society.

Requiring the state to be responsible for damages for loss of companionship and society in wrongful death-highway liability cases will not erode the ability of the state to function smoothly and effectively. Because these damages are recoverable in a single wrongful death suit, the number

of lawsuits to which the state must respond will not be multiplied. By consenting to suit against the state for injuries resulting from highway defects, the Legislature already has intimated that the state's capacity to govern is not impaired when it is liable for a broad range of damages. We find that this capacity to govern would not be diminished by allowance of damages for loss of companionship and society.

Nor are we persuaded that by permitting wrongful death beneficiaries to recover damages for loss of companionship and society, state finances, which already hang in a precarious balance, would be severely drained.

We conclude that the policy reasons usually stated in favor of governmental tort immunity are not enhanced by precluding plaintiff from recovering damages for loss of companionship and society.

## V

We hold that plaintiff is entitled to pursue her claim for damages for loss of decedent's companionship and society. Accordingly, we reverse the trial court's grant of summary judgment in favor of defendant in this regard, and remand this case to the Court of Claims for further proceedings.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with COLEMAN, C.J.